23649

FIRST BAPTIST CHURCH OF MAULDIN, South Carolina; John Center as Chairman of the Deacons, Respondent v. CITY OF MAULDIN, Appellant.

(417 S.E. (2d) 592)

Supreme Court

*H. Michael Spivey*, Mauldin, *for appellant*.

*Timothy E. Madden* and *David H. Wilkins, Wilkins and Nelson*, Greenville, *for respondent*.

Heard March 10, 1992.

Decided April 27, 1992.

TOAL, Justice:

The issue presented in this appeal is whether the lower court erred in ordering the closure of a road within the City of Mauldin ("City") under S.C. Code Ann. Section 57-9-10 *et seq.* We find the closure was proper and affirm.

### FACTS
The First Baptist Church of Mauldin ("Church") owns 12.7 acres which is divided, 7.8 acres on one side and 4.1 acres on the other side of an unpaved public road. The Church is the

only property owner abutting this road. The Church's day care facility was adjacent to the road. In order to expand the day care facility, the Church sought to close the roads. After several City council members indicated they would be unwilling to close the road, the Church brought this action in Circuit Court under Section 57-9-10 of the South Carolina Code. Under this provision, any interested party may petition the court to close any road, street or highway. The court may order the road closed upon a determination that it is in the best interest of all concerned and transfer title to an appropriate party. S.C. Code Ann. Section 57-9-20 (1991).

At the hearing, the Church presented testimony supporting its need to expand. The parties stipulated the Church was an asset to the community. Additionally, the Church submitted competent testimony attesting to the dangerous use of this road which aside from church traffic served as a "cut through" for traffic trying to avoid the traffic lights on the major roadways. The road is narrow and it has a substantial curve with limited visibility. The road presented a danger to its travelers and the children attending the Church day care. There was testimony that the closure of the road would increase traffic on a parallel residential street. However, there was additional testimony that this concern would be alleviated by the use of traffic signs. It was undisputed this type of cut through traffic should be discouraged. The lower court found it was in the best interest of all concerned that the road be closed and provided for transfer of title to the Church.

The City brought this appeal raising essentially two issues. First, the City argues Section 5-27-150 of the South Carolina Code gives the City exclusive rights to close roads within the City limits. Under the City's argument, the Circuit Court's review would be appellate and limited to determining whether the City's actions constituted fraud or clear abuse of discretion. *City of Greenville v. Bozeman*, 254 S.C. 306, 175 S.E. (2d) 211 (1970). Section 5-27-150 provides in part:

> The city council of any city containing more than five thousand inhabitants may open new streets, close, widen, or alter streets in the city when, in its judgment, it may be necessary for the improvement of the city.

In construing a statute, its words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Bryant v. City of Charleston*, 295 S.C. 408, 368 S.E. (2d) 899 (1988). We can find no language supporting the City's contention of exclusive jurisdiction in the text of Section 5-27-150. Nor does the language of Section 57-9-10 *et seq.* support its inapplicability to roads within a city. To the contrary, Section 57-9-40 clearly provides it is to be considered cumulative to other provisions of the law. Accordingly, we are compelled to find the City's jurisdiction to close roads concurrent with the court's.

Second, the City contends the court abused its discretion in ordering this road closed. We disagree. Under Section 57-9-20, the court is empowered to close roads on a finding that it is in the best interest of all concerned. A public street may not be vacated for the sole purpose of benefiting an abutting owner. *City of Rock Hill v. Cothran*, 209 S.C. 357, 40 S.E. (2d) 239 (1946). However, the mere fact that the vacation was at the instigation of an individual who owns abutting property does not invalidate the vacation or constitute abuse of discretion, nor does the fact that some private interest may be served incidentally. *Id.* On the other hand, it must appear clearly that no consideration other than that of public interest could have prompted the action. *Id.*

In this case, the lower court properly considered the public's interest. The Church was conceded to be a community asset and its continued growth was in the public interest as well as in its own private interest. The danger this road posed to both the user of the road and the children at the Church's day care clearly outweighed any minor inconvenience to those who would use the road to avoid the traffic lights on the major roads designed to handle this traffic. The court also considered the effect the closure would have on alternative routes. Its conclusion that any detrimental effect could be avoided was supported by the evidence. Accordingly, we find the lower court's closure of this road and transferring title to the Church was not an abuse in discretion. We affirm.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.