24039

Dave CONNOR, Cadillac's, Inc., Coastal Petroleum Products, Inc., and Cynthia Burch, Respondents v. The TOWN OF HILTON HEAD ISLAND, A Municipal Corporation, Henry C. Driessen, Jr., Frank R. Chapman, Russell L. Condit, Jr., Tom Peeples and S. Paul Ramsey, in their capacity as Town Council for the Town of Hilton Head Island, and Jeremiah J. Barkie, in his capacity as Mayor of the Town of Hilton Head Island, and Michael G. O'Neill,in his capacity as Town Manager for the Town of Hilton Head Island, Appellants.

(442 S.E. (2d) 608)

Supreme Court

*Curtis L. Coltrane,* of *Wilson and Coltrane, P.A.,* Hilton Head Island, *for appellants.*

*James H. Moss* and *H. Fred Kuhn, Jr.,* of *Moss and Kuhn, P.A.,* Beaufort, *for respondents.*

Heard Feb. 16, 1994.

Decided Mar. 21, 1994.

MOORE, Associate Justice:

Respondents commenced this action to enjoin enforcement of an ordinance prohibiting nude and seminude barroom dancing on the ground the ordinance violates their First Amendment rights to free speech. The trial judge enjoined enforcement fo the ordinance. We affirm.

## FACTS

In September 1991, Appellants (Town) adopted Ordinance No. 91-17. This ordinance makes it unlawful to own or operate a "sexually-oriented business" which is defined to include a nightclub or bar where nude or seminude dancing is performed and alcoholic beverages are served. The ordinance also makes it unlawful to participate in nude or seminude dancing. The individual respondents in this case either own an interest in Cadillac's, Inc. where such dancing is performed or participate in such dancing.

## ISSUES

1. Does the ordinance violate the First Amendment?
2. Is it a valid exercise of the State's power under the Twenty-first Amendment?

## DISCUSSION

### A. *First Amendment*

In *Barnes v. Glen Theatre, Inc.*, — U.S. —, 111 S.Ct. 2456, 115 L.Ed. (2d) 504 (1991), the United States Supreme Court upheld an Indiana law that made it unlawful to appear in a public place in a state of nudity. It found the resulting infringement on non-obscene nude barroom dancing valid although such dancing is expressive conduct within the outer perimeters of First Amendment protection. The Court applied a four-part test as follows.

(1) *Was the regulation within the government's constitutional power?*

The law challenged in *Barnes* was a state statute and the Court found it was clearly within the State's police power to enact public indecency legislation. In the case before us the government entity is a municipality and the scope of its power is a question of state law.

Under S.C. Code Ann. § 5-7-30 (Supp. 1993), a municipality has the power to enact ordinances "not inconsistent with the Constitution and general law of this State." Article VIII, § 14, of our State Constitution provides that criminal laws and the penalties and sanctions for the transgression thereof shall not be set aside. We recently construed this constitutional provision to hold that a municpality may not impose a greater punishment than that provided under State law for the same offense. *City of No. Charleston v. Harper*, 306 S.C. 153, 410 S.E. (2d) 569 (1991). We now construe article VIII, § 14 to prohibit a municipality from proscribing conduct that is not unlawful under State criminal laws governing the same subject.

State laws governing nudity do not prohibit nude dancing per se. *See* S.C. Code Ann. § 16-15-305(C)(1)(b) (Supp. 1993) (defining obscenity to include "lewd exhibition" of genitals, pubic hair, anus, vulva, female breast nipples, or covered male genitals in a discernable turgid state); S.C. Code Ann. § 16-15-130 (Supp. 1993) (willful, malicious, and indecent exposur); S.C. Code Ann. § 16-15-365 (Supp. 1993) (willful and knowing exposure of private parts in a lewd and lascivious manner). Since Town has criminalized conduct that is not unlawful under relevant State law, we conclude Town exceeded its power in enacting the ordinance in question.[1] Moreover, even if the ordinance were within Town's power, we find it violates the First Amendment as discussed below.

(2) *Does the regulation further an important or substantial governmental interest?*

In *Barnes*, the Court found the ban on public nudity furthered a substantial government interest in "protecting order and morality." — U.S. at —, 111 S.Ct. at 2462. In this case, Town's ordinance proclaims that sexually oriented businesses "have a deleterious effect on the health, safety, and general welfare" of the public. While regulation to prevent such deleterious effects would seem an important government interest, Town's ordinance fails on the final two prongs of the *Barnes* test.

---

[1] We are aware of precedent to the contrary which did not construe this constitutional provision and therefore is not controlling. *See City Council of Greenville v. Kemmis*, 58 S.C. 427, 36 S.E. 727 (1900).

(3) *Is the governmental interest unrelated to the suppression of free expression?*

In *Barnes,* the Court found the ban on public nudity was unrelated to the suppression of nude barroom dancing.

> [W]e do not think that when Indiana applies its statute to the nude dancing in these nightclubs it is proscribing nudity because of the erotic message conveyed by the dancer. . . . The perceived evil that Indiana seeks to address is not erotic dancing, but public nudity.

— U.S. at —, 111 S.Ct. at 2463. To the contrary, Town's ban on nudity is directly related to the suppression of nude dancing which it specifically targets.

The First Amendment generally prevents government from proscribing expressive conduct because of disapproval of the ideas expressed. *R.A.V. v. City of St. Paul,* — U.S. —, 112 S.Ct. 2538, 120 L.Ed. (2d) 305 (1992). Content-based regulations are presumptively invalid. *Id.* Town's ordinance specifically targets the sexual or erotic message of nude dancing which is constituitionally protected expressive conduct. Unlike the statute in *Barnes,* the ordinance here is nto a valid restriction on nude dancing because it is not content-neutral. *Accord Knudtson v. City of Coates,* 506 N.W. (2d) 29 (Minn. App. 1993).[2]

(4) *Is there an incidental restriction on alleged First Amendment freedom that is no greater than essential to the furtherance of that governmental interest?*

In *Barnes,* the Court noted the ban on public nudity resulted in nude barroom dancers having to wear pasties and a G-string. The Court found thsi requirement qualified as "the bare minimum necessary to achieve the State's purpose." — U.S. at —, 111 S.Ct. at 2463. In this case, the restriction is not at all incidental since it totally bans nude, or even seminude[3], dancing.

---

[2] We note that a zoning ordinance which does not unreasonably limit alternative avenues of communication may be content-neutral where it is justified by reference to the secondary effects of the protected speech and not the content of the speech itself. *City of Renton v. Playtime Theatres, Inc.,* 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed. (2d) 29 (1986); *Centaur, Inc. v. Richland County,* 301 S.C. 374, 392 S.E. (2d) 165 (1990). The ordinance here is not a zoning ordinance.

In conclusion, Town's ordinance violates the First Amendment because it totally suppresses a protected form of expressive conduct.

## B. *Twenty-first Amendment*

Town argues its ordinance is valid as an exercise of the State's power to regulate alcohol under the Twenty-first Amendment even if it violates the First Amendment.

Section 2 of the Twenty-first Amendment of the United States Constitution provides:

> The transportation or importation into any state . . . for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited.

While historically this Amendment was construed to sanction the righth of a state to control the importation of alcohol unfettered by the Commerce Clause, see *Ziffrin, Inc. v. Reeves,* 308 U.S. 132, 60 S.Ct. 163, 84 L.Ed. 128 (1939), the United States Supreme Court has since interpreted it to allow a state to prohibit nude dancing in establishments that sell alcohol despite the fact that nude barroom dancing is protected under the First Amendment. *City of Newport v. Iacobucci,* 479 U.S. 92, 107 S.Ct. 383, 93 L.Ed. (2d) 334 (1986); *New York State Liquor Authority v. Bellanca,* 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed. (2d) 357 (1981); *California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed. (2d) 342 (1972). "[I]n the context of liquor licensing, the Twenty-first Amendment confers broad regulatory powers on the States. . . . This regulatory authority includes the power to ban nude dancing as part of a liquor license control program." *Iacobucci,* 479 U.S. at 95, 107 S.Ct. at 385.

Further, this power to ban nude barroom dancing may be exercised by a local governmetn where the State has delegated its authority over alcohol. *Id.; Filligim v. Boone,* 835 F. (2d) 1389 (11th Cir. 1988) (county could ban nude barroom dancing where state had delegated to county its regulatory powers under the Twenty-first Amendment); *Krueger v. City of Pensacola,* 759 F. (2d) 851 (11th Cir. 1985) (municipality could not ban nude barroom dancing where

---

[3] "Seminude" is defined to include wearing clothing that covers no more than the genitals, pubic region, and areolae of the female breasts.

state had not delegated its authority under Twenty-first Amendment). Town contends the State has delegated this authority. We disagree.

Under S.C. Code Ann. § 61-3-410 (1990),[4] the Alcoholic Beverage Control Commission has "sole and exclusive power to grant, issue, suspend and revoke all licenses" authorizing the sale of alcohol. More importantly, Article VIII-A, § 1, of the South Carolina Constitution explicitly provides: *"the General Assembly shall not delegate to any municipal corporation the power to issue licenses to sell [alcoholic beverages]."* This constitutional provision prevents the State from delegating to Town the power to regulate the sale of alcohol from which the authority to ban nude barroom dancing springs. We find the conclusion inescapable that the State has not delegated to Town its regulatory power under the Twenty-first Amendment.

Affirmed.

CHANDLER, Acting C.J., FINNEY, TOAL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.

---

[4] This statute has been subsequently amended to refer to the Department of Revenue and Taxation which has replaced the Alcoholic Beverage Control Commission. 1993 Act. No. 181, § 1583, effective July 1, 1993.