### 24042

Ben DAVIS, C. Murray Garrett, R.C. Jones, J.L. Montgomery, Shirlee A. Rollins, W.D. Workman, III, Ralph Anderson and Charles G. Ballew, individually, and the City of Greenville, a municipal corporation, solely in its capacity as a taxpayer, Appellants v. The COUNTY OF GREENVILLE, Mann Batson, Richard Ashmore, Jim Patterson, Dick Herdklotz, Robert Leach, Paul Wickensimer, Fletcher Smith, Wade Cleveland, E.D. Dixon, James Arrowwood, George Bomar, and W.B. Bennett, as members of the County Council of Greenville County; Hazel Truman as Treasurer of Greenville County; Debbie Adkins as Tax Assessor of Greenville County; Nathan Morgan as Tax Collector of Greenville County; and William J. Estabrook as County Administrator, Respondents.

(443 S.E. (2d) 383)

Supreme Court

*Ronald W. McKinney* of *Duggan, Reese, and McKinney,* Greer; *Stephen A. Kern; David W. Holmes* of the *Holmes Law Firm,* Greenville; *Melvin K. Younts* and *Rodney M. Brown* both of *Younts, Alford, Brown, and Goodson,* Fountain Inn; and *John P. Mann* of the *Mann Law Firm,* Greenville, *for appellants.*

*Robert G. Currin* and *Russell B. Shetterly* both of *Adams, Quackenbush, Herring, and Stuart,* Columbia, and *County Atty. Judith S. Burk,* Greenville, *for respondents.*

Heard Jan. 19, 1994.

Decided April 4, 1994.

HOWELL, Acting Associate Justice:

Appellants contend that the trial judge erred in holding that Greenville County (County) did not violate any statutory

or constitutional provisions by taxing all county residents at a uniform rate while providing certain services in unincorporated areas only. We disagree and affirm.

## I. *Facts*

On November 14, 1990, Appellants filed this action challenging the County's budgetary process of providing certain services, primarily road and bridge maintenance and law enforcement, in unincorporated areas only. The complaint alleged that the County's practice violates statutory and constitutional provisions governing the establishment of special tax districts, uniform taxation, and equal protection. The County answered, denying the practice violated any statutory or constitutional provisions.

The trial judge held that Appellants had proved no violation of any statutory or constitutional provisions and denied all relief. Appellants appealed.

## II. *Discussion*

Appellants first contend that the trial judge erred in not holding that by providing certain services to only unincorporated areas of the county, the County has created a "de facto" special service district and, therefore, under both Article VIII, § 7 and S.C. Code Ann. § 4-9-30 (1986 and Supp. 1993) it must apportion the taxes according to the services provided. We disagree.

Article VIII § 7, provides:

> The General Assembly shall provide by general law for the structure, organization, powers, duties, functions, and the responsibilities of counties, including the *power to tax different areas at different rates of taxation related to the nature and level of government services provided.* . . . [Emphasis added.]

In section 4-9-30 the Legislature provided:

> [E]ach county government within the authority granted by the Constitution and subject to the general law of this State shall have the following enumerated powers which shall be exercised by the respective governing bodies thereof: . . .

(5)(a) to assess property and levy ad valorem property taxes and uniform service charges, including the power to tax different rates related to the nature and level of governmental services provided.

\* \* \* \* \* \*

(c) Notwithstanding any provision to the contrary, the county council shall not finance any service not being rendered by the county on March 7, 1973, by a countywide tax where the service is being provided by any municipality within that municipality or where the service has been budgeted or funds have been applied for as certified by the municipal governing body, except upon concurrence of the municipal governing body. . . .

When construing the constitution, the Court applies rules similar to those relating to the construction of statutes. *McKenzie v. McLeod*, 251 S.C. 226, 161 S.E. (2d) 659 (1968). The Court must give clear and unambiguous terms their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Gilstrap v. South Carolina Budget and Control Bd.*, — S.C. —, 423 S.E. (2d) 101 (1992). The plain language of Article VIII, § 7 and section 4-9-30 allows the County discretion to establish a special service district, but it does not mandate this action. *See Decatur Tax Payers League, Inc. v. Adams*, 236 Ga. 871, 226 S.E. (2d) 69 (1976) (the amendment that allows for a county to establish special service districts is permissive only, it permits but does not require action by local government to amelio rate tax inequities). Because Article VIII, § 7 and section 4-9-30 give counties a discretionary power to establish service districts, we find that the trial judge properly held that the County did not violate these sections. Moreover, we note that in section 4-9-30(5)(c) the Legislature specifically provides that counties may not finance a service with a countywide tax when the service is being provided by any municipality within the municipality for those services rendered by the county only after March 7, 1973. The services Appellants contest were being rendered by the county on March 7, 1973 and, therefore, under both Article VIII, § 7 and section 4-9-30, the County has the

power to tax its residents and distribute services in the manner contested.[1]

Appellants next contend that the County has violated the "uniformity" requirement of S.C. Const. art. X, § 6 by imposing the same tax countywide but only providing certain services to unincorporated areas. We disagree.

Article X, § 6 provides:

> The General Assembly may vest the power of assessing and collecting taxes in all of the political subdivisions of the State. *Property tax levies shall be uniform* in respect to persons and property within the jurisdiction of the body imposing such taxes; *provided,* that on properties located in an area receiving special benefits from the taxes collected, special levies may be permitted by general law applicable to the same type of political subdivision throughout the State, and the General Assembly shall specify the precise condition under which such levies shall be assessed. [Emphasis added.]

The plain language of Article X, § 6 does not impose uniformity on the distribution of taxes. Under Article X, § 6, uniformity is obtained when property taxes are levied equally within the county. *Charleston County Aviation Auth. v. Wasson,* 277 S.C. 480, 289 S.E. (2d) 416 (1982). Because the property taxes levied throughout Greenville County are uniform, the trial judge was correct in holding that the County tax plan does not violate the article X, § 6 of the Constitution.

Appellants next argue that the County violates the Equal Protection clauses of the federal and state constitution by distinguishing between county residents in municipalities and county residents in unincorporated areas for the purpose of distributing certain services. We disagree.

---

[1] Appellants also contend that S.C. Code Ann. § 4-9-30(5)(c) (Supp. 1993) violates the S.C. Const. article VIII. However, the plain language of article VIII, § 7 grants the General Assembly the power to provide by general law for the structure, powers, duties, functions, and responsibilities of counties, including the taxing power. The Legislature acted within this power when it enacted section 4-9-30(5)(c), which limits the power of a County to finance a service with a countywide tax when the service is being provided by any municipality within the municipality after March 7, 1973.

In determining whether a statute violates equal protection, this Court accords "great deference to a legislatively created classification, and the classification will be sustained if it is not plainly arbitrary and there is any reasonable hypothesis to support it." *Cerny v. Salter*, — S.C. —, 429 S.E. (2d) 809 (1993). The fact that the classification may result in some inequity does not render it unconstitutional. *Id.*

Appellants contend that no reasonable basis exists for providing certain services only in unincorporated areas while levying the same taxes on all county residents. Taxes are levied on all property, however, for the maintenance of government in the county. *Robinson v. Richland County Council*, 293 S.C. 27, 358 S.E. (2d) 392 (1987). Although some services are not rendered in the incorporated areas, these services are still provided for the maintenance of county government and, therefore, benefit all the residents of the county. The equal protection clause does not require that mathematical symmetry be attained between benefits received and payment for those benefits. *Cf. Decatur Tax Payers League, Inc. v. Adams*, 236 Ga. 871, 226 S.E. (2d) 69 (1976) (Federal and State constitutions do not require persons paying taxes to receive equal benefits from the facilities for which the taxes are used). Accordingly, we hold the trial judge did not err in finding that the County does not violate equal protection by providing certain services to unincorporated areas while not providing these services to incorporated areas.

For the foregoing reasons, we hold that the trial did not err in ruling that the County has not violated any statutory or constitutional provisions in its budgetary process. Our holding renders it unnecessary to rule on Appellants remaining exceptions.

Affirmed.

CHANDLER, Acting C.J., and FINNEY, TOAL and MOORE, JJ., concur.