24489

SKYSCRAPER CORPORATION, Appellant v.
The COUNTY OF NEWBERRY, Respondent.

(475 S.E. (2d) 764)

Supreme Court

---

*James N. Parr, Jr.*, Newberry, *for appellant.*

*Gary T. Pope*, of *Pope & Hudgens*, Newberry, *for respondent.*

Heard June 18, 1996.

Decided Sept. 3, 1996.

BURNETT, Justice:

This is an appeal from an order upholding a county ordinance which imposes a solid waste disposal fee and requires multitenant property owners to be responsible for the fees of their tenants. The trial judge held the solid waste disposal fee is both uniform and constitutional. We affirm.

## FACTS

The parties submitted a stipulation of facts. Appellant Skyscraper Corporation (Skyscraper) owns and operates the Parr Building, a multitenant office building in Newberry County. On December 31, 1992, Skyscraper was renting office space to ten tenants in the Parr Building. Nine of these tenants rented space on a month-to-month basis. The tenth tenant occupied premises pursuant to a written, but unrecorded, lease agreement. Skyscraper also had an office in the Parr Building.

In August 1993, respondent County of Newberry (County) adopted Ordinance 135 which established user fees for the disposal of solid waste.[1] The ordinance provides several classifications of solid waste users (residential, noncommercial, and several business categories based on the number of employ-

---

[1] Prior to the adoption of Ordinance 135, solid waste disposal was financed by taxes on real property in Newberry County. However, since the county is rural, much of the land is timber or farm land and does not generate a great deal of solid waste for disposal in a landfill. Consequently, the Newberry County Council determined that it would be appropriate to shift the cost of disposing solid waste away from taxpaying landowners and on to those persons who generated the solid waste.

ees) and corresponding annual user fees. Under the ordinance, an annual $60.00 user fee is charged for each business that employs no more than ten persons at one location. The user fees are included as line items on the county property tax notices. Ordinance 135 specifies that the fees generated are to be maintained in a separate account and used only for solid waste disposal purposes.

Paragraph 9 of Ordinance 135 provides:

> With regard to shopping centers or similar multi-tenant locations where different stores or spaces are leased to different tenants on other than a daily basis, each separate leasehold or separately licensed business in the shopping center or multi-tenant building is considered a separate business location for purposes of this Ordinance, and each location or tenant will be assessed a fee under this Ordinance based on the number of employees at or working out of that location, as otherwise provided in this Ordinance.

The parties agree that, under the ordinance, if a lease is filed with the Newberry County records office, the tenant then becomes liable for the solid waste disposal fee.

In 1993, pursuant to Ordinance 135, the Newberry County Tax Assessor billed Skyscraper $660 for the eleven businesses located in the Parr Building on December 31, 1992. The parties agreed that each of the businesses located in the Parr Building generates solid waste and that the one written lease agreement was not recorded.

## ISSUES

I. Is Ordinance 135 uniform?

II. Does Ordinance 135 violate Skyscraper's right to equal protection?

## DISCUSSION

### I.

Skyscraper argues that because it is assessed the user fees for the tenant businesses located within the Parr Building, it is billed for solid waste disposal services it does not use, making the user fees nonuniform in violation of S.C. Code Ann. § 4-9-30(5) (Supp. 1995). We disagree.

Counties have the power to assess service charges for solid waste disposal. S.C. Code Ann. § 4-9-30(5)(a). Unlike a tax, a service charge or user fee is imposed on those members of the community who receive a special benefit from the proceeds of the charge. To be valid, a service charge must be uniform. *Brown v. County of Horry*, 308 S.C. 180, 417 S.E. (2d) 565 (1992).

The service charge imposed by Ordinance 135 is uniform. The ordinance specifies that "[t]he owner of record of each affected property" is responsible for the payment of the service charge for his property. Skyscraper, as owner of record of the Parr Building, is billed the user fee corresponding to the solid waste generated from its building (which included ten tenant businesses, each of which employed less than ten employees at the time of the billing, and Skyscraper itself). All other property owners are similarly billed a corresponding charge for the businesses and/or tenants located within their buildings.

Further, while Skyscraper alone does not generate all of the solid waste produced in the Parr Building, as landlord, Skyscraper clearly benefits from the collection and disposal of the solid waste from its building. In order to recoup the cost of the user fees, Skyscraper can increase the rent to its month-to-month tenants.[2]

Finally, Skyscraper can avoid receiving the bill on behalf of its one leasehold tenant by filing the lease with the Newberry County records office. Simply because Skyscraper considers the filing of a lease burdensome or that requiring leases may discourage future tenants from renting office space does not make Ordinance 135 nonuniform.

## II.

Skyscraper argues Ordinance 135 violates its equal protection rights. Specifically, Skyscraper contends there is no rational basis for billing multitenant property owners the user fees for their tenants while charging other businesses only one charge. Additionally, Skyscraper asserts there is no rational basis for directly billing tenants who have filed leases but not

---

[2] In April 1994, Ordinance 135 was amended to authorize multitenant property owners to pass the user fee on to tenants and to charge tenants a $1.00 monthly service charge to defray the cost of collecting the user fee.

directly billing those tenants who either do not have leases on file or rent on a month-to-month basis. We disagree.

Equal protection requires that "all persons be treated alike under like circumstances and conditions, both in privileges conferred and liabilities imposed." *GTE Sprint Communications v. Public Service Commission,* 288 S.C. 174, 181, 341 S.E. (2d) 126, 129 (1986). If a classification is reasonably related to a proper legislative purpose and the members of each class are treated equally, any challenge under the equal protection clause fails. Equal protection is satisfied if: (1) the classification bears a reasonable relation to the legislative purpose; (2) the members of the class are treated alike under similar circumstances; and (3) the classification rests on some reasonable basis. *Brown, supra.* "The fact that the classification may result in some inequity does not render it unconstitutional." *Davis v. County of Greenville,* 313 S.C. 459, 465, 443 S.E. (2d) 383, 386 (1994).

The party attacking an ordinance bears the burden of proving its unconstitutionality beyond reasonable doubt. *City of Beaufort v. Baker,* 315 S.C. 146, 432 S.E. (2d) 470 (1993). In determining whether a statute violates equal protection, this Court accords great deference to a legislatively created classification; the classification will be upheld if it is not plainly arbitrary and there is any reasonable hypothesis to support it. *Davis, supra.*

The purpose of Ordinance 135 is to charge those persons who generate solid waste for the collection and disposal of the waste. Since multitenant property owners benefit from the collection and disposal of waste from their property, requiring multitenant property owners to pay the solid waste disposal fees of their tenants is reasonably related to the purpose of the ordinance. Moreover, there is a rational basis for billing the multitenant property owner, rather than the tenant, because the County can simply refer to the tax rolls to determine whom to bill and include the user fees on the property tax notice.

Furthermore, directly billing those tenants who have filed leases is clearly related to the stated legislative purpose of Ordinance 135 by collecting fees from those who actually produce the solid waste. Similarly, there is a rational basis for directly billing tenants when there is a recorded lease because

the County can determine whom to bill by referring to the leases on file in the records office. Skyscraper's equal protection rights are not violated simply because it chooses either not to enter into leases or not to file leases with the county records office.

Although Ordinance 135 places some potential administrative and financial burdens on multitenant property owners by billing them the user fees for those tenants who do not have recorded leases, there is a rational basis for this method of billing the user fees. Accordingly, the ordinance does not violate equal protection. *Id.* (some inequity in the classification does not render the classification unconstitutional).

Affirmed.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.