523 S.E.2d 757

Rick W. ARNOLD, Donald Corry, Richard M. Lovelace, Jr., A. Palmer Owings, Jr., Daryl Pitts, William F. Sachs, Harold L. Shokes, and William W. Enzor, Plaintiffs,

of whom Rick W. Arnold, Donald Corry, Richard M. Lovelace, Jr., Daryl Pitts, William F. Sachs, Harold L. Shokes, and Williams W. Enzor are Appellants/Respondents,

v.

The ASSOCIATION OF CITADEL MEN, Hampton J. Walker, Richard H. MacMillan, J. Stannard Hurteau, Stephen D. Falkenbury, Rick M. Crosby, William M. Ogburn, Henry A. Kennedy, Jr., and Robert B. Scarborough,

of whom The Association of Citadel Men, J. Stannard Hurteau, Rick M. Crosby, William M. Ogburn and Henry A. Kennedy, Jr., are Respondents,

and of whom Robert Scarborough is Respondent/Appellant.

Donald Corry, Richard M. Lovelace, Jr., William F. Sachs, Harold L. Shokes, and William W. Enzor, Appellants,

v.

The Association of Citadel Men, Hampton J. Walker, Richard H. MacMillan, J. Stannard Hurteau, Stephen D. Falkenbury, Rick M. Crosby, William M. Ogburn, Henry A. Kennedy, Jr., Robert B. Scarborough, and Charles A. Laffitte, Jr., Defendants,

of whom Robert B. Scarborough is the, Respondent.

No. 25014.

Supreme Court of South Carolina.

Heard June 23, 1999.

Decided Nov. 15, 1999.

266

David C. Eckstrom and Elizabeth H. Campbell, of Nexsen, Pruet, Jacobs & Pollard, LLP, of Columbia, for appellants/respondents and appellants.

John S. Wilkerson, III, of Turner, Padget, Graham & Laney, P.A., of Florence; and Steven W. Ouzts, of Turner, Padget, Graham & Laney, P.A., of Columbia, for respondents and defendants.

R. David Howser and Andrew E. Haselden, both of Howser, Newman & Besley, L.L.C., of Columbia, for respondent/appellant and respondent.

BURNETT, Justice:

These consolidated appeals concern the Association of Citadel Men's (the Association's) 1996 election to select an alumni member to the Citadel's Board of Visitors (at times, the Board).[1] We reverse and remand.

## STATUTORY BACKGROUND

After various modifications over the past century, the Board of Visitors is presently composed of eleven members, all of whom are graduates of the Citadel.[2] Seven members are elected by the General Assembly, three members are elected by the Association, and one member is appointed by the governor. S.C.Code Ann. § 59–121–10 (Supp.1998). The term of office is six years and begins on July 1st. § 59–121–20 (Supp.1998).

In 1947, the General Assembly imposed an age restriction on elected members of the Board. Act No. 108, 1947 S.C. Acts 144. Pursuant to this Act, no elective member could be elected if the term of office extended beyond the member's seventy-second birthday. In 1961, the statute was amended to provide: "[n]o elective member shall be elected or reelected either by the General Assembly or by the Association of Citadel Men to fill any term of office the duration of which shall extend beyond the member's seventy-fifth birthday."[3] § 59–121–30 (1990). Effective June 13, 1997, the statute was amended to read: "[h]owever, beginning with the elections for members of the board occurring on or after July 1, 1997, the

1. The Association, a non-profit corporation, is the Citadel's alumni association. Membership in the Association is voluntary. Pursuant to the Association's Constitution and By-laws, all Citadel graduates, regardless of membership in the Association, are entitled to vote for the alumni members of the Board.

2. In addition, the Governor, Adjutant General, and State Superintendent of Education are ex officio members. S.C.Code Ann. § 59–121–10 (Supp.1998).

3. Act No. 260, 1961 S.C. Acts 446.

seventy-fifth birthday limit no longer applies." § 59–121–30 (Supp.1998).

## FACTS

In its Summer 1996 newsletter, the Association invited nominations for one alumni seat on the Board for the term beginning July 1, 1997, and ending on June 30, 2003. Nominations were accepted through August 30, 1996. Three candidates were nominated: Donald Corry (Corry), William F. Sachs (Sachs), and Robert B. Scarborough (Scarborough).

By memorandum dated October 2, 1996, the Association President notified the Election Committee he had received an inquiry concerning whether the candidates met the age qualification of § 59–121–30. As a result, the President determined Scarborough was unqualified as he would turn seventy-five one day before the expiration of the term. He further determined the ballots had already been mailed to the Association members. The President notified Scarborough; Scarborough replied the age qualification was discriminatory and he would not withdraw his name from the ballot.

In response to the Association President's notice, the Election Committee met and issued a resolution finding: 1) Scarborough not legally qualified to be elected to the alumni Board seat; 2) the current election invalid, and the Election Committee would establish new nominating deadlines and voting dates; and 3) the ballots it had received would be sequestered and remain uncounted.

All three candidates were displeased with the Election Committee's resolution. On November 8, 1996, the Association's Board of Directors met to consider the "appeals" of each of the candidates. Corry and Sachs claimed the ballots should be counted and the winner between the two remaining candidates declared. Scarborough argued the statutory age qualification was discriminatory. The Board of Directors voted to instruct the Election Committee to count the ballots and declare the winner among the three candidates and for the Association President to certify the result to the Secretary of State as required by statute.

The Election Committee canvassed the votes: Scarborough received 2,518 votes, Sachs received 1,452 votes, and Corry

received 480 votes. Due to the questions regarding the age qualification, the President refused to certify the election results to the Secretary of State.[4]

The Association's Board of Directors met again in January 1997. The Board of Directors approved a resolution to be sent to the General Assembly endorsing deletion of the age restriction from the statute. By Act No. 144, 1997 S.C. Acts 757 (Act No. 144), the General Assembly deleted the age restriction "beginning with the elections for members of the board occurring on or after July 1, 1997 . . .". The governor signed Act No. 144 into law on June 13, 1997.

### A. The Initial Action

One month before the governor signed Act. No. 144 into law, eight Citadel alumni, including Corry and Sachs, brought this action against the Association, the President of the Association, the Executive Director of the Association, members of the Election Committee, and Scarborough. The plaintiffs sought 1) a declaratory judgment that, due to his age, Scarborough was not qualified to run for the Board seat, the filing period was closed, and Corry and Sachs were the only qualified nominees; 2) a writ of mandamus ordering the Association to proceed with the election for the term commencing July 1, 1997; and 3) an injunction to require the Election Committee to conduct the election with only Corry and Sachs' names on the ballot. Scarborough counterclaimed, arguing the statutory age restriction violated the equal protection provision of the United States Constitution.

The trial court conducted a hearing on June 18, 1997, and issued its order on June 25, 1997, declining to issue the writ of mandamus. The court, however, issued a declaratory judgment, holding the election invalid since the Association President did not certify the results to the Secretary of State as required by the statute. As part of its declaratory judgment, the trial court ordered the Association to conduct an election ". . . open to all candidates who are nominated in accordance with the usual procedures of the Association," within 180 days.

---

4. At some point between the President's October 2, 1996 memorandum and the November meeting of the Association's Board of Directors, a new president took office.

Based on its holding, the court concluded it need not determine whether § 59–121–30 violated equal protection. Both Appellants/Respondents (hereafter referred to as Corry and Sachs) and Respondent/Appellant (hereafter referred to as Scarborough) appeal.

## ISSUES

I. Is the age restriction in § 59–121–30 (1990) a violation of equal protection?

II. Did the trial court err by refusing to issue a writ of mandamus compelling the Association to proceed with the election under the law as it existed in 1996?

## I.

Prior to its amendment in 1997, § 59–121–30 provided:

No elective member shall be elected or re-elected either by the General Assembly or by the Association of Citadel Men to fill any term of office the duration of which shall extend beyond the member's seventy-fifth birthday.

The governor's appointee to the Board was not subject to the age restriction in § 59–121–30.

Scarborough argues the age restriction in § 59–121–30, applicable when he submitted his nomination in 1996, is a violation of the United States Constitutional amendment guaranteeing equal protection. He contends there is no rational basis for the age classification because a) no other state university has an age restriction for trustees and b) the governor's appointee to the Board of Visitors is not subject to the age restriction.

Corry and Sachs assert, unlike trustees at other state universities, the members of the Board of Visitors are eligible for appointment as commissioned officers in the unorganized militia of South Carolina. *See* S.C.Code Ann. § 25–1–520 (1989). Consequently, Corry and Sachs contend there is a rational basis for the age restriction for members of the Board of Visitors. *See Spain v. Ball*, 928 F.2d 61, 63 (2nd Cir.1991) (statutory requirement limiting commissioned positions to individuals under 35 years of age is rationally related to military's desire to ensure "vigor and comparative youth in posi-

tions of responsibility in the services."); *U.S. v. Fallon*, 407 F.2d 621 (7th Cir.1969) (Selective Service Act's classification exempting individuals over age of 26 from registration is reasonably related to maximize efficiency and minimize expense of raising army).

■■■ The Equal Protection Clause provides: "No State shall .. deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Equal protection requires "all persons be treated alike under like circumstances and conditions, both in privileges conferred and liabilities imposed." *G.T.E. Sprint Communications Corp. v. Public Service Comm'n*, 288 S.C. 174, 181, 341 S.E.2d 126, 129 (1986). Unless a suspect class or fundamental right is involved, equal protection is satisfied if 1) the classification bears a reasonable relation to the legislative purpose sought to be effected; 2) the members of the class are treated alike under similar circumstances and conditions; and 3) the classification rests on some reasonable basis. *Skyscraper Corp. v. County of Newberry*, 323 S.C. 412, 475 S.E.2d 764 (1996); *Duke Power Co. v. S.C. Public Service Comm'n*, 284 S.C. 81, 326 S.E.2d 395 (1985). A statute which classifies on the basis of age is valid if it is rationally related to furthering a legitimate state interest. *Gregory v. Ashcroft*, 501 U.S. 452, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991); *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976).

■■ We agree the potential appointment of a Board member as a commissioned officer in the unorganized militia is a rational basis for the age restriction of § 59–121–30 (1990). *Gregory v. Ashcroft, supra* (mandatory retirement age of 70 for judges is rationally related to legitimate and compelling state interest in maintaining judiciary fully capable of performing demanding tasks); *Massachusetts Bd. of Retirement v. Murgia, supra* (mandatory retirement age of 50 for uniformed police officers is rationally related to government objective of protecting public by assuring physical preparedness of police). Accordingly, the disparate treatment between members of the Board and trustees at other state colleges and universities does not violate equal protection.

■■ However, since all members of the Board are eligible for appointment to the unorganized militia, we conclude there

is no rational basis in imposing the age restriction on the elected members of the Board, but not on the governor's appointee. Corry and Sachs suggest because the General Assembly amended the composition of the Board to permit a governor's appointee more than thirty years after the age restriction was enacted,[5] it was not aware of the age restriction or the disparity between the governor's appointee and the elected members of the Board. *See Chambers Med. Tech. of S.C., Inc. v. Bryant,* 52 F.3d 1252, 1263 (4th Cir.1995) (with regard to equal protection, the issue is "whether there is no reasonable conception that could justify the state's action and whether the legislative actors were cognizant of this at the time they acted . . .". *citing Smith Setzer & Sons, Inc. v. S.C. Procurement Review Panel,* 20 F.3d 1311, 1324 (4th Cir.1994)).

 There is a basic presumption the General Assembly has knowledge of previous legislation when later statutes are passed on a related subject. *Berkebile v. Outen,* 311 S.C. 50, 426 S.E.2d 760 (1993). Accordingly, it is presumed the General Assembly knew of the age restriction for the ten elective positions at the time it passed legislation allowing the governor to appoint a member to the Board of Visitors. We conclude the General Assembly was aware there was no reasonable basis to impose the age restriction on the elected members of the Board, but not on the governor's appointee. Because the age restriction is not applied to all members of the Board, § 59–121–30 (1990) violates equal protection. *Skyscraper Corp. v. County of Newberry, supra* (to pass constitutional muster, members of the class must be treated alike under similar circumstances and conditions). Therefore, Scarborough was a qualified nominee for the 1996 election.

## *II.*

 Corry and Sachs argue the trial court erred by failing to grant a writ of mandamus compelling the Association to proceed with the election under the law as it existed at the time the election process began in 1996. In effect, Corry and Sachs argue, since Scarborough was unqualified due to the age restriction of § 59–121–30 (1990), they were the only qualified

---

5. Act No. 130, 1983 S.C. Acts 315.

nominees at the close of the nomination period and only their names should have appeared on the ballot.

Whether the trial court should have granted the writ of mandamus ordering the Association to proceed with the election under the law as it existed in 1996 is moot in light of our holding above. Since we conclude the age restriction in § 59–121–30 (1990) was unconstitutional, Scarborough was a qualified nominee and entitled to have his name on the ballot. *Mathis v. South Carolina State Highway Dep't,* 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973) ("a case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy. This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief."); 1A C.J.S. *Actions* § 39 (1985) (a cause of action may be mooted by intervening events, such as changes in the law or facts on which an action is based; this rule applies when the changes are judicial, legislative, or administrative). Because of our ruling, the propriety of including Scarborough's name on the ballot is no longer in actual controversy and it is unnecessary for the Court to address whether the trial court erred by denying the writ of mandamus. *Byrd v. Irmo High School,* 321 S.C. 426, 468 S.E.2d 861 (1996) (Court will not rule on moot and academic questions or make an adjudication where there remains no actual controversy).

### *B. The Second Action*

Following the trial court's ruling in the initial action, five of the same Citadel alumni (including Corry and Sachs) filed a second action against the same defendants alleging Act No. 144 violated South Carolina Constitution Article III, § 17 because it did not relate to one subject and the title of the bill did not reflect the substance of the Act.[6] The trial court concluded, *inter alia,* Act No. 144 was constitutional. Corry and Sachs appeal.

### *ISSUES*

I. Did the trial court err by holding Act No. 144 did not violate Article III, § 17 of the South Carolina Constitution

---

**6.** Corry and Sachs also filed their complaint against Charles A. Laffitte, Jr., who was nominated for the Board seat after the June 25, 1997 order of the trial court.

because the title of the Act reflected the deletion of the age restriction when the Act was ratified and enrolled?

II. Did the trial court err by ruling Act No. 144 did not violate Article III, § 17 of the South Carolina Constitution because it did not relate to more than one subject?

### DISCUSSION

This Court will decline to rule on constitutional questions unless the determination is essential to the disposition of a case. *Heyward v. S.C. Tax Comm'n,* 240 S.C. 347, 126 S.E.2d 15 (1962); *see also Sanders v. Anderson County,* 195 S.C. 171, 172, 10 S.E.2d 364 (1940) ("[t]he Court will avoid, where possible, passing upon the constitutionality of an Act of the Legislature ...".). In light of our conclusion Scarborough was a qualified nominee in 1996, it is unnecessary to address whether the passage of Act No. 144 violated the South Carolina Constitution.

This matter is hereby remanded to the Association's Election Committee and/or Association President to take any remaining steps which are necessary to declare the winner of the 1996 election and to certify the results to the Secretary of State in compliance with § 59–121–10 (Supp.1998).

**REVERSED AND REMANDED.**

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.