600 S.E.2d 540

**The GAFFNEY LEDGER, Appellant,**

v.

**The SOUTH CAROLINA ETHICS COMMISSION, Respondent.**

No. 25844.

Supreme Court of South Carolina.

Heard June 9, 2004.

Decided July 26, 2004.

Jay Bender and Holly Palmer Beeson, of Baker, Ravenel & Bender, L.L.P., of Columbia, for appellant.

Cathy L. Hazelwood, of Columbia, for respondent.

Justice MOORE.

Appellant The Gaffney Ledger (Newspaper) was publicly reprimanded for violating the Ethics Reform Act. We reverse.

## FACTS

On September 13, 2000, Boyd McLean filed a complaint with respondent State Ethics Commission (Commission) alleging Newspaper had violated S.C.Code Ann. § 8–13–1354 (Supp. 2003) by publishing a political advertisement without identifying who had paid for it. The Commission subsequently in-

formed McLean that his complaint failed to allege sufficient facts to constitute a violation of the ethics law.[1]

After dismissal of the complaint, Newspaper published an article written by its staff writer stating that the complaint had been "tossed out." McLean then filed this action with the Commission alleging Newspaper had violated the confidentiality requirements of the Ethics Reform Act. Newspaper was publicly reprimanded by the Commission. The circuit court affirmed.

## ISSUE

Did Newspaper violate the confidentiality requirements of the Ethics Reform Act?

## DISCUSSION

■ Section 8–13–320 of the Act authorizes the Commission to "initiate or receive complaints and make investigations" of ethics violations involving public officials.[2] Under subsection (9)(c), if an alleged violation is found to be groundless, "the entire matter must be stricken from public record." Subsection 10(b) further provides:

(b) If the commission or its executive director determines that the complaint does not allege facts sufficient to constitute a violation, the commission must dismiss the complaint and notify the complainant and respondent. *The entire matter must be stricken from public record unless the respondent, by written authorization, waives the confidentiality of the existence of the complaint and authorizes the release of information about the disposition of the complaint.*[3]

1. Under § 8–13–1354, the party paying for a political advertisement is responsible for revealing the payor's identity. The Commission found Newspaper had not paid for the advertisement and therefore did not violate the statute.

2. Lobbyists and persons attempting to illegally influence a public official are included under the Act. *See* Title 2, Chapter 17, and S.C.Code Ann. § 8–13–705 (Supp.2003).

3. While this matter was still pending in circuit court, by amendment effective June 26, 2003, this section was amended to add the words to the State Ethics Commission after the phrase "written authorization."

(emphasis added). Following this section are other provisions in subsection (10) governing proceedings after an initial finding of probable cause. Subsection (10)(g) then provides:

(g) All investigations, inquiries, hearings, and accompanying documents *must remain confidential until final disposition of a matter unless the respondent waives the right to confidentiality.* The wilful release of confidential information is a misdemeanor, and any person releasing such confidential information, upon conviction, must be fined not more than one thousand dollars or imprisoned not more than one year.

(emphasis added).

The Commission found Newspaper violated § 8–13–320(10)(b) because Newspaper did not file a written waiver with the Commission before it published the article about dismissal of the complaint. The Commission concluded subsection (10)(g) did *not* apply because the complaint was dismissed at the facts sufficient stage of the proceedings. On appeal, Newspaper contends subsection (g) applies and therefore it did not violate the confidentiality requirement because it waited until "final disposition" of the complaint to reveal any information. We agree.

■ A close reading of subsection 10(b) indicates it applies only to the Commission's own record of the proceedings and not to public disclosure by a party. This subsection provides that upon dismissal of a complaint, the entire matter must be stricken from public record unless the respondent waives confidentiality. Under this statute, when an ethics matter ends by dismissal, the Commission's record is purged and there is no public record of a complaint having been filed unless the respondent authorizes the release of information regarding its disposition. This procedure prevents disclosure to a third party through discovery of the Commission's files unless the respondent chooses to allow it.

■ There is no confidentiality requirement as to the parties, however, once the matter has been dismissed. Subsection 10(g), and not 10(b), controls a party's disclosure of an ethics matter. As provided in that subsection, all information remains confidential only until final disposition. Accordingly, once an ethics matter is finally resolved by dismissal of the

complaint, a waiver of confidentiality is no longer necessary for disclosure. In this respect, a dismissal is treated the same as any other disposition.

██  We hold the Commission erred in finding Newspaper could not reveal the dismissal of the complaint absent a waiver of confidentiality.[4]  In light of this disposition, we decline to address the constitutional issue raised by Newspaper. *See Arnold v. Ass'n of Citadel Men*, 337 S.C. 265, 523 S.E.2d 757 (1999) (this Court will decline to rule on a constitutional question unless the determination is essential to the disposition of a case).

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

4. The Commission also found Newspaper violated Reg. 52–704(A)(2) by failing to file a written waiver of confidentiality with the Commission. Although regulations have the force of law, they may not alter or add to the terms of a statute. *U.S. Outdoor Advertising, Inc. v. South Carolina Dep't of Transp.*, 324 S.C. 1, 481 S.E.2d 112 (1997); *Goodman v. City of Columbia*, 318 S.C. 488, 458 S.E.2d 531(1995). To the extent this regulation expands the confidentiality requirement of § 8–13–320(10)(b), it is invalid.