631 S.E.2d 76

**PALMETTO PRINCESS, LLC, Respondent,**

v.

**TOWN OF EDISTO BEACH, Appellant.**

**No. 26157.**

Supreme Court of South Carolina.

Heard Jan. 4, 2006.
Decided May 30, 2006.

Marvin C. Jones and R. Clenten Campbell, both of Bogoslow, Jones, Stephens & Duffie, of Walterboro, for appellant.

Heath Preston Taylor, of Moore, Taylor & Thomas, P.A., of West Columbia, for respondent.

Justice MOORE.

This is an appeal from a circuit court order granting respondent's (Palmetto Princess's) motion for summary judgment. We affirm.

## FACTS

On February 23, 2003, Palmetto Princess applied for a business license from appellant, the Town of Edisto Beach (Edisto). Palmetto Princess intended to operate one or more gaming vessels on cruises originating within the waters and municipal boundaries of Edisto. The plan was for the vessels to travel beyond the three mile territorial waters of the State of South Carolina, at which point games such as black jack, roulette, and craps would be hosted for Palmetto Princess's customers. These gambling cruises are known as "cruises to nowhere." The cruises would conclude, and debarkations take place, within Edisto's municipal boundaries.

Edisto denied Palmetto Princess's application. Edisto based its denial on the Town of Edisto Beach Code § 58–138. Section 58–138 specifically prohibits the possession of a gambling device on a vessel within the waters of the municipal boundaries of Edisto operated for the purposes of conducting a day cruise.

Palmetto Princess commenced a declaratory judgment action seeking to set aside Town of Edisto Beach Ordinance § 58–138 based partly on the grounds that: (1) Edisto did not have the power to enact the ordinance because the Johnson Act, 15 U.S.C.A. § 1171, et seq., restricts the prohibition of gaming activity to states or possessions of the United States; that is, that the Johnson Act preempts the local legislation embodied in the ordinance; and (2) § 58–138 violates article VIII, § 14, of the South Carolina Constitution. Both parties filed motions for summary judgment.

The circuit court held Edisto's ordinance is not preempted by the Johnson Act.[1] However, the court granted Palmetto Princess's motion for summary judgment based on the alternative ground that Edisto's ordinance violates the South Carolina Constitution. The court found that because § 58–138 prohibits an activity otherwise legal within the state, § 58–138 violates the state constitution. Citing *Diamonds v. Greenville County*, 325 S.C. 154, 480 S.E.2d 718 (1997), the court stated that the drafters' intent for article VIII, § 14, was to prevent local government's making an act a crime that was not a crime under state law. Accordingly, the court granted summary judgment to Palmetto Princess on its declaratory judgment action.

## ISSUE

Did the circuit court err by finding Town of Edisto Beach Ordinance § 58–138 violates article VIII, § 14, of the South Carolina Constitution?

## DISCUSSION

 Edisto argues the circuit court erred by finding its ordinance, § 58–138, violates article VIII, § 14, of the South Carolina Constitution.

South Carolina Code Ann. § 5–7–30 (2004) provides: "Each municipality of the State ... may enact ... ordinances, *not inconsistent with the Constitution and general law of this State*, ... for preserving health, peace, order, and good government in it...." (Emphasis added).

South Carolina Const. art. VIII, § 14 provides: "In enacting provisions required or authorized by this article, general law provisions applicable to the following matters shall not be set aside: ... (5) criminal laws and the penalties and sanctions for the transgression thereof...."

---

1. The circuit court's ruling regarding preemption is not before the Court. However, for edification, the Johnson Act generally prohibits the use or possession of any gambling device on a United States flag vessel. One exception is that the possession or transport of a gambling device within state territorial waters is not a violation of the prohibition if the device remains on board the vessel and is used only outside those territorial waters. 15 U.S.C. § 1175(b)(1).

As stated previously, Ordinance § 58–138 specifically prohibits the possession of a gambling device on a vessel within the waters of the municipal boundaries of Edisto operated for the purposes of conducting a day cruise. This ordinance was enacted in 1999. However, subsequently, we held that "cruises to nowhere" are not unlawful. *Stardancer Casino, Inc. v. Stewart*, 347 S.C. 377, 556 S.E.2d 357 (2001). Therefore, at the time Edisto's ordinance was enacted and Palmetto Princess had requested a business license to operate a gambling day cruise, a gambling day cruise was a legal activity allowed by the State.[2]

■ Because a gambling day cruise was a legal activity allowed by the State, Edisto's ordinance is unconstitutional because it makes a legal activity unlawful. *See Connor v. Town of Hilton Head Island*, 314 S.C. 251, 442 S.E.2d 608 (1994) (where ordinance proscribed conduct which was not unlawful at the time the ordinance was enacted under state criminal laws governing the same subject, town exceeded its power in enacting ordinance); and *Diamonds v. Greenville County, supra* (same). Where the General Assembly has occupied the field in a particular area, *i.e.* gambling, by describing what is and what is not proscribed, local governments are not free to alter the standards established by the General Assembly. *Cf. Quality Towing, Inc. v. City of Myrtle Beach*, 340 S.C. 29, 530 S.E.2d 369 (2000) (ordinance upheld where there was no relevant state law governing conduct in question).

## CONCLUSION

Because Edisto exceeded its power in enacting the ordinance in question, the circuit court properly granted summary judgment to Palmetto Princess. *See Cunningham ex rel. Grice v. Helping Hands, Inc.*, 352 S.C. 485, 575 S.E.2d 549 (2003) (summary judgment appropriate only if there is no genuine issue of material fact and moving party is entitled to

---

2. Subsequent to the circuit court's order issued in this case, the General Assembly's Gambling Cruise Prohibition Act was signed into law by the governor with an effective date of June 1, 2005. Section 3–11–200(A) of this Act specifically allows the type of ordinance enacted by Edisto.

judgment as matter of law). Therefore, the decision of the circuit court is

**AFFIRMED**

TOAL, C.J., PLEICONES, J. and Acting Justice RALPH KING ANDERSON, JR., concur.

BURNETT, J., dissenting in a separate opinion.

BURNETT, J.

I respectfully dissent. In my opinion, Edisto did not exceed its power in enacting Ordinance § 58–138 because the Ordinance did not set aside any statewide criminal laws.

South Carolina Constitution Article VIII, § 14, provides: "In enacting provisions required or authorized by this article, general law provisions applicable to the following matters shall not be set aside: ... (5) criminal laws and the penalties and sanctions for the transgression thereof...."

When construing the Constitution, the Court applies rules similar to those relating to the construction of statutes. *Davis v. County of Greenville*, 313 S.C. 459, 463, 443 S.E.2d 383, 385 (1994). In construing a statute, its words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *First Baptist Church of Mauldin v. City of Mauldin*, 308 S.C. 226, 229, 417 S.E.2d 592, 593 (1992).

As I explained in *Diamonds v. Greenville County*, 325 S.C. 154, 161, 480 S.E.2d 718, 721 (1997) (Burnett, J., dissenting):

Article VIII, 14 does not **require** statewide uniformity of general law provisions regarding "criminal laws and the penalties and sanctions for the transgression thereof." Instead, the preamble to Article VIII, § 14, provides "general law provisions applicable to the following matters shall not be **set aside**." (emphasis added). The plain meaning of this provision requires local enactments "set aside" some existing provision of the general law before a constitutional violation occurs.

In my opinion, Article VIII, § 14 of the South Carolina Constitution does not prohibit local governments from criminalizing conduct which is not unlawful under state law. Until

the Gambling Cruise Prohibition Act was enacted, there was no legislative action that made a gambling day cruise a legal activity. Further in *Stardancer Casino, Inc. v. Stewart,* 347 S.C. 377, 387–91, 556 S.E.2d 357, 362–64 (2001) (Burnett, J., dissenting), I would have held "boats located within South Carolina and its territorial waters are subject to the same laws concerning gambling as any other premises in this state." I therefore disagree with the majority's conclusion that gambling day cruises are lawful. Ordinance § 58–138 could not and did not set aside any statewide criminal laws.

The majority also relies on *Connor v. Town of Hilton Head Island,* 314 S.C. 251, 442 S.E.2d 608 (1994) for the proposition that conduct which is not unlawful under state laws cannot be made unlawful by local enactment. In my opinion the *Connor* Court erred because the Court effectively held all conduct is lawful unless made unlawful by enactment of the General Assembly. Article VIII, § 14 does not yield to such an interpretation. I would overrule *Connor* to the extent it holds that local governments may not criminalize conduct which is not unlawful under statewide criminal law.

Edisto's Ordinance § 58–138 does not set aside any criminal laws enacted by the state because the ordinance is not inconsistent with any state law. Therefore, I would hold Edisto did not exceed its power in enacting Ordinance § 58–138. I conclude the circuit court improperly granted summary judgment to Palmetto Princess.