22848

John TOUCHBERRY, Appellant v. The CITY OF FLORENCE, Joe W. Pearce, Jr., Mayor, John A. Sellers, Ben Dozier, Herbert Ham, James T. Schofield, K. Fred Samra, James L. Daniels, Respondents.

(367 S. E. (2d) 149)

Supreme Court

*D. M. McEachin, Jr.,* Florence, *for appellant.*

*James R. Bell* and *Timothy Meacham,* Florence, *for respondents.*

Heard Feb. 2, 1988.

Decided March 28, 1988.

NESS, Chief Justice:

Appellant (Owner) contends the trial court erred in failing to mandamus the respondents to provide.him with water and sewer service. We find that Owner is a third party beneficiary of a service contract between respondent City of Florence (City) and Florence County and is entitled to the writ. We reverse.

Owner lives in Florence County on property which is partially contiguous to the City. City has long had an ordinance requiring annexation of contiguous property as a condition for receiving City services and utilities.

Florence County Council (Council) created a municipal Service Area (MSA) which included Owner's property. In 1984, Council entered a franchise agreement (agreement) with City which granted City the exclusive right to provide water and sewer services in the MSA. The agreement provides, "The City ... agrees to provide water and wastewater facilities to any area within the [MSA] which requests such service; provided it is physically and economically feasible to provide such services."

It is uncontested that Owner's property is within the MSA, that he requested service, and that it is physically and economically feasible to provide him service. Owner's request that he receive service pursuant to the agreement was denied because he would not agree to annexation. Owner then brought this petition for writ of mandamus to compel respondents to provide him service. The trial court denied the petition finding that Owner was not a third party beneficiary of the agreement and that the ordinance applied to him.

It is clear that there are two methods whereby contiguous landowners may receive services from the City. First, they may be annexed and receive services as a City resident pursuant to the ordinance. Second, if the property is within the MSA, the property owner may remain in the county and receive services pursuant to the agreement. since it is impossible for property to be both annexed to the City and remain part of the county, the ordinance and the agreement are mutually exclusive. The lower court erred in finding Owner must be annexed in order to receive service under the agreement.

The more difficult issue is whether Owner is a third party beneficiary of the agreement. This Court has recognized that individuals may be third party beneficiaries of public contracts. *Compare Ancrum v. Camden Water, Light and Ice Co.*, 82 S. C. 284, 64 S. E. 151 (1909) *with Cothran v. Rock Hill*, 211 S. C. 17, 43 S. E. (2d) 615 (1947). The presumption that the contract is not enforceable by an

individual may be overcome by showing he was intended to be the direct beneficiary of the contract. *Ancrum, supra; see also Peeples v. South Carolina Power Co.*, 166 S. C. 150, 164 S. E. 605 (1932). The language of the agreement here clearly shows that the contracting parties intended for the agreement to be enforceable by residents of the MSA. Owner is therefore entitled to service under the agreement.

We reverse the trial court and issue a writ of mandamus to the City requiring it to provide service to Owner pursuant to the terms of the agreement. In light of our disposition of these issues, it is unnecessary to address appellant's remaining exceptions.

Reversed.

GREGORY, CHANDLER and FINNEY, JJ., concur.

HARWELL, J., not participating.