662 S.E.2d 424

**WELLS FARGO BANK, NA, as trustee for the benefit of the certificate holders of asset-backed pass-through certificates series 2004–WCWI, Respondents,**

v.

**Barbara S. TURNER, Defendant,**

**Richard S. Freeman, Foreclosure Bidder, Appellant.**

No. 4376.

Court of Appeals of South Carolina.

Submitted March 1, 2008.

Filed April 23, 2008.

Rehearing Denied June 26, 2008.

148

R. Bentz Kirby, of Orangeburg, and Glenn Walters, of Orangeburg, for Appellant.

Jason L. Branham, of Lexington, for Respondents.

HEARN, C.J.

Richard Freeman appeals the special referee's order setting aside a judicial sale. Freeman contends Wells Fargo Bank, NA (the Bank) failed to meet its burden of proof to vacate the sale because it failed to present evidence as to the value of the property. We affirm.

## FACTS

The Bank obtained a mortgage from Barbara Turner in the amount of $82,025 on real property located in Bamberg County, South Carolina. When Turner failed to make her payments, the Bank sought foreclosure of the mortgage, and the case was referred to a special referee. In July of 2005, the referee held a hearing on the merits, as evidenced by a written transcript of testimony submitted in the record. Turner did not attend the hearing, and was ultimately found in default. The referee found the debt due to the Bank totaled $86,565.13, and ordered the property sold at public auction.

At the public auction, Freeman submitted the highest, and ultimately successful bid of $3,000 for the property. Thereafter, the Bank served Freeman with a Motion to Set Aside and Vacate Sale. The Bank argued the sale should be set aside because: (1) the Bank's attorney failed to take all necessary steps to ensure the Bank would have a representative present

and prepared to bid at the sale; and (2) the successful bid of $3,000.00 was so low as to shock the conscience of the court.

The special referee granted the Bank's motion, concluding Freeman's bid of $3,000 amounted to only 3.65% of the property value, and therefore, constituted a grossly inadequate sale price that shocks the conscience under the test set forth in *Poole v. Jefferson Standard Life Ins. Co.*, 174 S.C. 150, 157, 177 S.E. 24, 27 (1934). The referee declined to address the Bank's other arguments, including the existence of "circumstances warranting court interference," finding it was unnecessary to do so, given the gross inadequacy of the sale price. Subsequently, Freeman filed a Rule 59(e), SCRCP, motion to alter or amend the judgment. The special referee denied the motion, and this appeal followed.

## STANDARD OF REVIEW

"A mortgage foreclosure is an action in equity. Our scope of review of a case heard by a master who enters a final judgment is to determine facts in accordance with our own view of the preponderance of the evidence." *E. Sav. Bank, FSB v. Sanders*, 373 S.C. 349, 354, 644 S.E.2d 802, 805 (2007) (*quoting Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997)). However, the determination of whether a judicial sale should be set aside is a matter left to the sound discretion of the trial court. *Investors Sav. Bank v. Phelps*, 303 S.C. 15, 17, 397 S.E.2d 780, 781 (Ct.App.1990).

## LAW/ANALYSIS

Freeman asserts the special referee erred in finding the Bank had met its burden of proof in order to vacate the foreclosure sale. Specifically, Freeman asserts the Bank failed to prove the value of the property. We disagree.

A judicial sale will be set aside when either: (1) the sale price "is so gross as to shock the conscience[;]" or (2) the sale "is accompanied by other circumstances warranting the interference of the court." *Poole*, 174 S.C. at 157, 177 S.E. at 27. In *Poole*, the court set aside a sale on the ground that the highest bid price, which amounted to approximately 12.5% of the property value, was so grossly inadequate that it shocked

the court's conscience. Since the opinion in *Poole,* our courts have continued to set aside judicial sales based on "grossly inadequate" sales prices. *See Investors Sav. Bank v. Phelps,* 303 S.C. 15, 397 S.E.2d 780 (Ct.App.1990) (stating that sales prices amounting to 4.2%, 4.4%, and less than 10% of the property value all fall within the percentage range of a grossly inadequate sales price).

In the case before us, the special referee found the original amount of the foreclosed note and mortgage was $82,025, and that the total debt due to the Bank under the note and mortgage, as of July 7, 2005, was $86,563.13. As a result, the court concluded Freeman's high bid of $3,000 was only 3.65% of the original principal amount of the foreclosed note and mortgage. This, the court found, constituted a grossly inadequate sale price that shocked the conscience under the *Poole* test.

 The amount of the foreclosed note and mortgage are evidence of the property's value. *Investors Savings Bank v. Phelps,* 303 S.C. 15, 18–19, 397 S.E.2d 780, 782 (Ct.App.1990). Although the note and mortgage were not presented as evidence at the hearing on the motion to set aside the sale, they were admitted into evidence at the initial hearing regarding the default proceedings against Turner, and they were attached to the original summons and complaint instituting the action. A purchaser at a judicial sale is deemed to have notice of all things disclosed by the record. *See Ex parte Keller,* 185 S.C. 283, 293, 194 S.E. 15, 19 (1937) (Even though judicial sale purchaser was not a party to the action originally, as a purchaser at the sale, he made himself a party to the suit, and is assumed to have notice of all things disclosed by the record.). Additionally, the sale and terms of a foreclosure are ordered and dictated by the Judgment of Foreclosure and Notice of Sale, which are both a matter of public record.

 Moreover, Freeman testified at the hearing on the motion to set aside the sale that he was prepared to bid up to $75,000.00 for the property. Fair market value is the amount at which property would change hands between a willing buyer and willing seller. *Black's Law Dictionary* 597 (6th

ed.1990). Therefore Freeman's testimony is also evidence of the value of the property.[1]

## CONCLUSION

We hold the record contains sufficient evidence of the value of the property to support the decision of the special referee that Freeman's bid was so grossly inadequate as to shock the conscience. Accordingly, the order of the special referee is

AFFIRMED.[2]

PIEPER, J., and CURETON, A.J., concur.

---

1. Freeman also asserts the lower court applied the wrong legal standard because it did not require the Bank to prove excusable neglect. However, a party does not have to prove excusable neglect if the judicial sale is found to shock the conscience; rather a showing of excusable neglect is only required when a party is seeking to have a judicial sale set aside based on the second prong of the *Poole* test. *Poole,* 174 S.C. at 157, 177 S.E. at 27. Here, we need not address Freeman's remaining arguments because we find the sale was properly set aside based on the first prong of Poole. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

2. We decide this case without oral argument pursuant to Rule 215, SCACR.