675 S.E.2d 788

**Janet C. ROBARGE, an individual, and Parker Sewer and Fire Subdistrict, a corporation, Appellants,**

v.

**The CITY OF GREENVILLE, Knox H. White, Lillian Brock Flemming, C. Diane Smock, Michelle R. Shain, Debra M. Sofield, Chandra E. Dillard, and J. David Sudduth, Respondents.**

**No. 4512.**

Court of Appeals of South Carolina.

Heard Dec. 3, 2008.

Decided Feb. 27, 2009.

Rehearing Denied May 5, 2009.

Robert Mills Ariail, Jr., of Greenville, for Appellants.

Ronald W. McKinney, of Greenville, for Respondents.

GEATHERS, J.:

Appellants, Janet Robarge (Robarge) and the Parker Sewer and Fire Subdistrict, formerly known as the Parker Water and Sewer Subdistrict (the District), brought this declaratory judgment action challenging the validity of a requirement for the execution of an annexation covenant as a condition for receiving water service from the Greenville Commission of Public Works (Greenville Water System).[1] Appellants sought a declaratory judgment that the condition violates an agreement that requires the Greenville Water System to provide water service to the District's properties. The circuit court denied Appellants' summary judgment motion and granted the City's summary judgment motion. Appellants now seek review of these rulings. We affirm.

---

1. Appellants named the City of Greenville (City) and the members of Greenville's City Council as defendants. The Greenville Water System is a municipal entity separately constituted from Greenville's City Council.

## FACTS/PROCEDURAL HISTORY

The District is a special purpose district in Greenville County that was originally authorized to operate water and sewer systems in its service area. *See* Act No. 1087, § 3, 1934 S.C. Acts 1997, 2000; Act No. 443, § 6, 1929 S.C. Acts 864, 866. In 1961, the General Assembly enacted legislation authorizing special purpose districts in Greenville County to sell their water distribution systems to the City of Greenville. Act No. 559, 1961 S.C. Acts 1114. Notably, the Act authorized special purpose districts to impose terms and conditions on the sale, including covenants to supply water to district properties. Act No. 559, § 2, 1961 Acts 1114–15. In 1971, the District entered into an agreement with the City and the Greenville Water System for the sale of the District's water distribution system. It is undisputed that the Greenville Water System actually provided water service to the District's properties both before and after the execution of the 1971 agreement.

In 2002, the Greenville Water System adopted a policy requiring owners of real property within a one-mile radius of the City to execute a covenant consenting to annexation as a condition of receiving any new connection (tap) to the water system's lines.[2] The annexation covenant requirement does not apply to new accounts relating to an existing tap or to owner-occupied residential property.

After the Greenville Water System adopted the annexation policy, Robarge sought a new tap to the water system for a strip shopping mall within the District's service area. The Greenville Water System refused to allow the new tap because Robarge would not sign an annexation covenant. Likewise, the Greenville Water System denied water service to the District for a sewer pump station within the District's service area because the District's representatives refused to sign an annexation covenant.

Appellants brought a declaratory judgment action against the City and the members of City Council, seeking a declaration that the annexation covenant requirement violated the 1971 agreement for the sale of the District's water distribution

---

2. The covenant authorizes annexation of the subject property whenever it otherwise qualifies for annexation under state law, subject to City Council's approval.

system. Appellants argued that the 1971 agreement required the Greenville Water System to provide water service to the District's properties and did not authorize the imposition of an annexation covenant requirement as a condition for receiving service. Appellants also argued that the annexation covenant requirement violated provisions of the agreement that require equal treatment of customers located outside the city limits.

The circuit court concluded that the 1971 agreement implicitly authorized the imposition of the annexation covenant requirement on requests for new taps. The circuit court also concluded that the annexation covenant requirement did not run afoul of the equal treatment provisions of the 1971 agreement or of the Equal Protection clauses of the United States Constitution and the South Carolina Constitution. Based on these conclusions, the circuit court granted the City's summary judgment motion and denied Appellants' summary judgment motion. This appeal followed.

## ISSUES ON APPEAL

1. Does the 1971 agreement authorize the imposition of the annexation covenant requirement on requests for new taps to the water system?

2. Does the annexation covenant requirement unlawfully discriminate between different classes of owners of District properties?

## STANDARD OF REVIEW

On appeal from the grant of a summary judgment motion, this Court applies the same standard as that required for the trial court under Rule 56(c), SCRCP. *Brockbank v. Best Capital Corp.*, 341 S.C. 372, 379, 534 S.E.2d 688, 692 (2000). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP; *Adamson v. Richland County Sch. Dist. One*, 332 S.C. 121, 124, 503 S.E.2d 752, 753 (Ct.App.1998). To determine if any genuine issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party. *Sauner v. Pub. Serv. Auth. of South Carolina*, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003).

## LAW/ANALYSIS

I. *Contractual Authorization to Impose Conditions on Water Service*

Appellants assert that the 1971 agreement imposed an unconditional obligation on the Greenville Water System to provide water service to properties located in the District. Appellants argue that the annexation covenant requirement places a condition on the provision of water service that was not authorized by the agreement. We disagree.

"The construction of a clear and unambiguous contract is a question of law for the court." *Hawkins v. Greenwood Dev. Corp.*, 328 S.C. 585, 592, 493 S.E.2d 875, 878 (Ct.App.1997) (internal citations omitted). "The purpose of all rules of contract construction is to ascertain the intention of the parties[,] and that intention must be gathered from the entire agreement and not from any one particular phrase. . . ." *Reyhani v. Stone Creek Cove Condo. II Horizontal Prop. Regime*, 329 S.C. 206, 212, 494 S.E.2d 465, 468 (Ct.App.1997).

The 1971 agreement as a whole imposes on the Greenville Water System an obligation to provide water service to those taps that were in existence at the time of the agreement's execution. However, as to taps added after the date of the agreement, the Greenville Water System's obligation to provide water service is conditional. Paragraph IX of the agreement provides, in pertinent part, as follows:

[F]rom the date of this agreement and thereafter any additions, changes, or modifications of the water system within the District shall be subject to the prevailing rules, regulations, policies and approval of the Commission.

This language authorizes the Greenville Water System to impose reasonable conditions on the provision of water service for any additions made to the water system after the date of the agreement. Similarly, paragraph VI(c) specifically subjects new water lines to the "then prevailing Commission policy" concerning the acceptance of new lines:

The Commission shall have no duty or obligation to install water lines in undeveloped areas or prospective subdivisions in the District, but . . . if such lines are installed therein by private developers in accordance with the specifications,

policies, rules, and regulations of the Commission, such lines will be accepted in accordance with the then prevailing Commission policy concerning such.

Therefore, contrary to Appellants' assertion, this agreement is distinguishable from the agreement in *Touchberry v. City of Florence*, 295 S.C. 47, 367 S.E.2d 149 (1988). In *Touchberry*, the South Carolina Supreme Court held that a property owner who had applied to receive water service from the City of Florence was a third-party beneficiary of a franchise agreement between the Florence County Council and the City of Florence. *Id.* at 48–49, 367 S.E.2d at 150. The agreement granted the City of Florence the exclusive right to provide water service in a municipal service area (MSA) in which the plaintiff's property was located. The agreement required the City of Florence to provide water service in the MSA whenever individually requested, conditioned only upon it being physically and economically feasible to do so. It was uncontested that it was feasible for the City to provide the service to the plaintiff. Therefore, the Court reversed the circuit court's finding that the plaintiff's property had to be annexed in order to receive service under the City's agreement with Florence County Council. *Id.* at 48–49, 367 S.E.2d at 149–50.

In a later opinion, *Sloan v. City of Conway*, 347 S.C. 324, 555 S.E.2d 684 (2001), the Court expounded on its analysis in *Touchberry* and noted that there is nothing in the *Touchberry* opinion holding generally that a city cannot require annexation as a contractual condition for water service. *Sloan*, 347 S.C. at 333, 555 S.E.2d at 688. The Court explained that, in *Touchberry*, the City of Florence could not require annexation as a condition for providing water service because the customers were already entitled to municipal water service as third-party beneficiaries of the agreement between the City and the service authority in the disputed area. *Id.* at 332, 555 S.E.2d at 688.

Here, the unconditional obligation to provide water service applies only to those taps in existence at the time of the agreement's execution. As to any additions made to the system after the agreement's execution, the agreement expressly conditions the obligation to provide service based on the prevailing rules, regulations, policies, and approval of the

Greenville Water System. A new tap qualifies as an addition to the water system even if it is connected to a water line that was in existence at the time of the agreement's execution. *See* Merriam–Webster's Collegiate Dictionary 14 (11th ed. 2003) (defining "addition" as "a part added (as to a building or residential section)"). When the Greenville Water System adopted the annexation policy in 2002, that policy became part of the prevailing policies to which future additions to the water system would be subjected. Therefore, the 1971 agreement authorizes the imposition of the annexation covenant requirement on new tap requests submitted after the requirement's adoption.

## II. *Unlawful Discrimination*

■ Appellants also argue that the annexation covenant requirement unlawfully discriminates between owners of District properties within the one-mile radius of the City and owners of District properties outside of the one-mile radius. We disagree.

Paragraphs VI(d), VII, and IX of the agreement require the Greenville Water System to treat District customers the same as customers in other areas outside the City. Further, paragraph VI(d) arguably requires equal treatment of all customers within the District with regard to the rates charged for water service. However, nothing in the agreement prohibits different classifications within the District's service area for purposes of rules or policies other than ratemaking.

Additionally, the Equal Protection clauses of the United States Constitution and the South Carolina Constitution allow for disparate treatment of different classes as long as the classification is a reasonable one and is rationally related to a legitimate purpose. *See Sloan v. S.C. Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 480, 636 S.E.2d 598, 613 (2006); *State v. Solomon*, 245 S.C. 550, 572, 141 S.E.2d 818, 830 (1965); *Town of Iva ex rel. Zoning Adm'r v. Holley*, 374 S.C. 537, 541, 649 S.E.2d 108, 110–11(Ct.App.2007). The City's use of a one-mile radius as a determining factor for potential annexation is rationally related to the City's goal of managed growth. Therefore, the annexation covenant requirement does not

unlawfully discriminate between different classes of owners of District properties.

## CONCLUSION

The circuit court properly granted summary judgment to the City. There is no genuine issue as to any material fact, and the Greenville Water System is entitled to judgment as a matter of law concerning the application of the provisions of the 1971 agreement to the annexation covenant requirement.

Accordingly, the circuit court's order is

**AFFIRMED.**

WILLIAMS, J., and PIEPER, J., concur.