**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Stoney Creek Villas Regime B Owners Association, Inc., Respondent,

v.

George J. Quinn and Karen Quinn, Appellants.

George J. Quinn, Appellant,

v.

Stephen Halpern and Joe Pesce, Respondents.

Appellate Case No. 2011-187826

―――――――――

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

―――――――――

Unpublished Opinion No. 2013-UP-068
Heard January 8, 2013 – Filed February 13, 2013

―――――――――

**AFFIRMED**

―――――――――

H. Fred Kuhn, Jr., of Moss Kuhn & Fleming, PA, of Beaufort, for Appellants.

Terry A. Finger, of Finger & Fraser, PA, of Hilton Head Island, for Respondent Stoney Creek Villas Regime B Owners Association, and John E. North, Jr., of North & Black, PC, of Beaufort, for Respondents Stephen Halpern and Joe Pesce.

---

**PER CURIAM:**  In two consolidated cases involving a foreclosure action and judicial sale of a condominium, George and Karen Quinn appeal, arguing the master in equity erred in (1) not granting their post-trial motions in the first case, and (2) dismissing the second case pursuant to Rule 12(b)(6), SCRCP, for failure to state facts sufficient to constitute a cause of action.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to the Quinns' post-trial motions pursuant to Rules 55(c), 60(b), and 59(a) and (e), SCRCP:  *Richardson v. P.V., Inc.*, 383 S.C. 610, 614, 682 S.E.2d 263, 265 (2009) (stating the decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial court); *id.* at 616, 682 S.E.2d at 266 (providing the standard for granting relief from an entry of default under Rule 55(c), SCRCP, is "good cause"); *id.* ("In deciding whether good cause exists, the trial court should consider the following factors: (1) the timing of the defendant's motion for relief[;] (2) whether the defendant has a meritorious defense[;] and (3) the degree of prejudice to the plaintiff if relief is granted."); *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 606, 681 S.E.2d, 885 888 (2009) (holding the decision whether to set aside an entry of default or a default judgment will not be disturbed on appeal absent a clear showing of an abuse of discretion); *id.* at 607, 681 S.E. 2d at 888 ("An abuse of discretion occurs when the judge issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support."); *id.* ("This standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice."); *id.* at 608, 681 S.E.2d at 888 ("The trial court need not make specific findings of fact for each factor if there is sufficient evidentiary support on the record for the finding of the lack of good cause."); *id.* (stating once a default judgment has been entered, a party seeking to be relieved must do so under Rule 60(b), SCRCP); *id.* ("The standard for granting relief from a default judgment under Rule 60(b) is more rigorous than the 'good cause' standard established in Rule 55(c)."); *id.* ("Rule 60(b) requires a more particularized showing of mistake, inadvertence,

excusable neglect, surprise, newly discovered evidence, fraud, misrepresentation, or 'other misconduct of an adverse party.'"); *id.* at 608, 681 S.E.2d at 888-89 ("The different standards under the two rules underscore the clear intent to make it more difficult for a party to avoid a default once the court has entered a judgment, which carries greater finality, and often occurs later than a clerk's entry of default."); *Wells Fargo Bank, NA v. Turner*, 378 S.C. 147, 150, 662 S.E.2d 424, 425 (Ct. App. 2008) (noting the determination of whether a judicial sale should be set aside is a matter left to the sound discretion of the trial court); *id.* ("A judicial sale will be set aside when either: (1) the sale price 'is so gross as to shock the conscience'; or (2) the sale 'is accompanied by other circumstances warranting the interference of the court.'" (quoting *Poole v. Jefferson Standard Life Ins. Co.*, 174 S.C. 150, 157, 177 S.E. 24, 27 (1934))); *E. Sav. Bank, FSB v. Sanders*, 373 S.C. 349, 359, 644 S.E.2d 802, 807 (Ct. App. 2007) ("South Carolina has not established a bright line rule for what percentage the sale value must be with respect to the actual value in order to shock the conscience of the court."); *id.* ("However, a search of South Carolina jurisprudence reveals only when judicial sales are for less than ten percent of a property's actual value, have our courts consistently held the discrepancy to shock the conscience of the court."); *McDaniel v. U.S. Fid. & Guar. Co.*, 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct. App. 1996) (holding whether a party makes a Rule 60 motion within a reasonable time is a matter addressed to the trial judge's sound discretion, and this court will not disturb that determination absent abuse of discretion).

2.     As to the dismissal of the second case pursuant to Rule 12(b)(6), SCRCP, for failure to state facts sufficient to constitute a cause of action:  *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) (providing that when reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, this court applies the same standard of review as the trial court); *id.* ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint."); *id.* (stating that dismissal under Rule 12(b)(6), SCRCP, is proper if the facts alleged and inferences reasonably deducible therefrom, when viewed in the light most favorable to the plaintiff, would not entitle the plaintiff to relief on any theory).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**