**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

JP Morgan Chase Bank, National Association, Respondent,

v.

Vanessa Y. Bradley, Appellant.

Appellate Case No. 2011-193386

---

Appeal From Pickens County
R. Murray Hughes, Special Referee.

---

Unpublished Opinion No. 2013-UP-090
Heard February 5, 2013 – Filed February 27, 2013

---

**AFFIRMED**

---

Susan P. Ingles, of South Carolina Legal Services, of Greenville, for Appellant.

Samuel C. Waters, of Rogers Townsend & Thomas, PC, of Columbia; Mary M. Caskey and James Y. Becker, both of Haynsworth Sinkler Boyd, PA, of Columbia; and Sarah P. Spruill, of Haynsworth Sinkler Boyd, PA, of Greenville, for Respondent.

---

**PER CURIAM:**  In this foreclosure action, Vanessa Y. Bradley seeks review of the Special Referee's order denying her motion to set aside the foreclosure sale of her property.  We affirm.

1. As to whether JP Morgan Chase Bank, National Association (Bank) violated its obligations under the Home Affordable Modification Program (HAMP) and Administrative Order 2009-05-22-01, we find the Special Referee did not abuse his discretion in declining to set aside the foreclosure sale on these grounds.  *See Wells Fargo Bank, NA v. Turner*, 378 S.C. 147, 150, 662 S.E.2d 424, 425 (Ct. App. 2008) (stating the determination of whether a judicial sale should be set aside is a matter left to the sound discretion of the trial court).  Although Bank violated HAMP by holding the foreclosure sale while Bradley's reapplication for loan modification was pending, we find Bank's overall actions captured the spirit of HAMP given that it postponed two foreclosure sales and worked with Bradley for seventeen months in attempts to modify her loan.  *See id.* ("A judicial sale will be set aside when either: (1) the sale price 'is so gross as to shock the conscience[;]' or (2) the sale 'is accompanied by other circumstances warranting the interference of the court.'" (citation omitted)).  Additionally, because Bradley failed to file a counter affidavit and testified that Bank had a sufficient basis to deny her permanent modification under HAMP, i.e., her failure to timely make the last Trial Period Plan payment, we find that Bank's failure to fully comply with the procedures set forth in the Administrative Order did not warrant setting aside the foreclosure sale.  *See In re Mortgage Foreclosures and the Home Affordable Modification Program (HMP)*, 2009-05-22-01 (May 22, 2009) (stating "if a counter affidavit is not timely served, the determination of whether there are [HAMP] issues which need to be resolved before foreclosure is ordered shall be based on the affidavit alone, unless the judge allows the late service and filing of the counter affidavit or allows the issue to become contested at some later stage in the proceeding").

2. As to whether the Special Referee erred in finding the forbearance agreement between the parties did not preclude Bank from continuing to file pleadings and scheduling the foreclosure sale, we affirm.  Here, the specific terms of the forbearance agreement are unclear because the agreement was never committed to writing.  However, based on the facts in the record, we find the parties did not share a meeting of the minds regarding what actions Bank was to forbear.  *See Player v. Chandler*, 299 S.C. 101, 105, 382 S.E.2d 891, 893 (1989) ("South Carolina common law requires that, in order to have a valid and enforceable

contract, there must be a meeting of the minds between the parties with regard to *all* essential and material terms of the agreement.").

3. As to whether the Special Referee violated Bradley's right to procedural due process, we affirm. Bradley failed to raise her argument regarding the service of the supplemental orders until the hearing on the Rule 59(e) motion; therefore, this argument is not preserved for appellate review. *See Godfrey v. Heller*, 311 S.C. 516, 520, 429 S.E.2d 859, 862 (Ct. App. 1993) (holding an issue was not preserved when the party failed to raise the issue in a Rule 59(e) motion to alter or amend the judgment). Moreover, Bradley failed to show she has a protected interest in a loan modification, which is a prerequisite to prevail on a due process claim. *See Seabrook v. Knox*, 369 S.C. 191, 197, 631 S.E.2d 907, 910 (2006) ("'Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.'" (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976))).

4. As to whether the Special Referee erred in declining to grant Bradley's request for discovery and an evidentiary hearing, we affirm. Here, Bradley specifically sought post-foreclosure sale discovery in order to review Bank's decision to deny her a loan modification. However, the South Carolina Rules of Civil Procedure do not allow for discovery after the determination of the merits of an action. *See* Rule 26, SCRCP (stating parties may engage in discovery regarding "relevant" matters in a "pending" action). Furthermore, Administrative Order 2009-05-22-01 does not provide for any discovery concerning the HAMP process, nor does it entitle Bradley to a hearing.

5. As to whether the Special Referee erred in denying Bradley's motion to set aside the foreclosure judgment under Rule 60(b)(3), SCRCP, we find the Special Referee did not abuse his discretion in denying her motion. Bradley contends that Bank's August 19, 2010, letter indicating that no foreclosure sale would occur for 30 days from the date of the letter evidences fraud, misrepresentation, or other misconduct. *See* Rule 60(b)(3), SCRCP (providing that a party may be relieved of a final order or judgment based upon "fraud, misrepresentation, or other misconduct of an adverse party"). However, Bradley testified that after receiving the letter she contacted Bank numerous times and was repeatedly informed the foreclosure sale had not been cancelled. She further testified that in spite of the representations that the foreclosure sale had not been cancelled, she took no action to consult an attorney, appear in the foreclosure action, or to attend the foreclosure sale.

Accordingly, we do not believe the Special Referee erred in declining to set aside the foreclosure sale under Rule 60(b)(3). *See Auto-Owners Ins. Co. v. Rhodes*, 385 S.C. 83, 93, 682 S.E.2d 857, 863 (Ct. App. 2009) (stating that the decision to grant or deny a motion to set aside a judgment is within the sound discretion of the trial court); *see also Raby Constr., L.L.P. v. Orr*, 358 S.C. 10, 21, 594 S.E.2d 178, 484 (2004) (stating a party may not prevail on a Rule 60(b)(3) motion on the basis of fraud when he or she has access to disputed information or has knowledge of inaccuracies in an opponent's representations at the time of the alleged misconduct).

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**