**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Wells Fargo Bank, NA Ultimate Successor to First Union National Bank, Respondent,

v.

Albert J. Sanders a/k/a Albert Jerry Sanders, Jr. a/k/a Albert J. Sanders, Palmetto/Carolina Funding, LLC and S.C. State Credit Union, Defendants,

Of whom Albert J. Sanders, Jr. is the Appellant.

Appellate Case No. 2016-001217

Appeal From Lexington County
Clyde R. Davis, Jr., Special Referee

Unpublished Opinion No. 2018-UP-104
Submitted January 1, 2018 – Filed March 7, 2018

**AFFIRMED**

James W. Poag, Jr., of West Columbia, for Appellant.

Chad Wilson Burgess, of Brock & Scott, PLLC, and Matthew Todd Carroll, of Womble Bond Dickinson (US) LLP, both of Columbia; and Shelton Sterling Laney, III, of Womble Bond Dickinson (US) LLP, of Greenville, all for Respondent.

**PER CURIAM:** Albert J. Sanders appeals the special referee's order of foreclosure and sale of Sanders's property. On appeal, Sanders argues the special referee abused his discretion in (1) finding Sanders was not eligible for a loan modification under the Home Affordable Modification Program (HAMP) because he owned more than five rental properties and (2) not finding Wells Fargo Bank, NA had unclean hands. We affirm.[1]

1. The special referee did not err in finding Sanders was not eligible for a loan modification under HAMP because the record shows Sanders owned more than five rental properties. *See Wells Fargo Bank, NA v. Turner*, 378 S.C. 147, 150, 662 S.E.2d 424, 425 (Ct. App. 2008) ("A mortgage foreclosure is an action in equity." (quoting *E. Sav. Bank, FSB v. Sanders*, 373 S.C. 349, 354, 644 S.E.2d 802, 805 (Ct. App. 2007))); *Buffington v. T.O.E. Enters.*, 383 S.C. 388, 391, 680 S.E.2d 289, 290 (2009) ("On appeal from an equitable action, an appellate court may find facts in accordance with its own view of the evidence."); *Tiger, Inc. v. Fisher Agro, Inc.*, 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989) ("While this permits us a broad scope of review, we do not disregard the findings of the [special referee], who saw and heard the witnesses and was in a better position to evaluate their credibility."); *Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 434, 673 S.E.2d 448, 457 (2009) ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support.").

2. The special referee did not err in not finding Wells Fargo had unclean hands. Here, Wells Fargo was not required to proactively solicit Sanders for a loan modification under HAMP because Sanders did not occupy the foreclosed property as his principal residence and he owned more than five rental properties. *See First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 568, 511 S.E.2d 372, 379 (Ct. App. 1998) ("The doctrine of unclean hands precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is the subject of the litigation to the prejudice of the defendant."); *Emery v. Smith*, 361 S.C. 207, 220, 603 S.E.2d 598, 605 (Ct. App. 2004) ("He who comes into equity must come with clean hands. It is far more than a mere banality. It is a self-imposed ordinance that closes the door of the court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945))).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**SHORT, KONDUROS, AND GEATHERS, JJ., concur.**