**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Roosevelt Simmons, Appellant,

v.

Mase and Company, LLC, J. Al Cannon, Jr., Charleston County Sheriff's Office, Charleston County Revenue Collections Department, and Harry Long, Respondents.

Appellate Case No. 2014-002575

———————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-333
Heard November 9, 2017 – Filed July 18, 2018

———————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————

Edward A. Bertele, of Charleston, for Appellant.

Wendy Raina Johnson Keefer, of Keefer & Keefer, LLC, of Charleston, for Respondent Mase and Company, LLC; Christopher Thomas Dorsel, of Senn Legal, LLC, of Charleston, for Respondents J. Al Cannon, Jr.,

Charleston County Sheriff's Department, Charleston County, Charleston County Revenue Collections Department, and Harry Long.

---

**PER CURIAM:**  Roosevelt Simmons appeals the trial court's order granting summary judgment against him on his action to set aside a sheriff's sale of his property to Mase and Company, LLC and other claims against Al Cannon Jr., Charleston County Sheriff's Office, Charleston County, Charleston County Revenue Collections Department, and Harry Long.  We affirm in part, reverse in part, and remand.

1.      We agree with the circuit court Simmons should have brought his action seeking relief from the magistrate's court judgments in the magistrate's court.  *See Coleman v. Dunlap*, 306 S.C. 491, 494, 413 S.E.2d 15, 17 (1992) ("The power to open, modify or vacate a judgment is possessed solely by the court that rendered the judgment.").  Further, we find Simmons was not entitled to relief from the magistrate's court judgments because the magistrate possessed jurisdiction to render them.  *See Bardoon Properties, NV v. Eidolon Corp.*, 326 S.C. 166, 169, 485 S.E.2d 371, 372 (1997) ("Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceedings in question belong."); *State ex rel. McLeod v. Crowe*, 272 S.C. 41, 46, 249 S.E.2d 772, 775 (1978) ("[M]agisterial courts are vested with judicial power and are, therefore, a part of the State's uniform judicial system."); S.C. Code Ann. § 22-3-10(1) (2007) (providing magistrates have concurrent civil jurisdiction "in actions arising on contracts for the recovery of money only, if the sum claimed does not exceed seven thousand five hundred dollars"); S.C. Code Ann. § 4-9-30(5)(a) (Supp. 2017) (providing authority for counties to assess service charges for solid waste disposal); *Skyscraper Corp. v. Cty. of Newberry*, 323 S.C. 412, 416, 475 S.E.2d 764, 765-66 (1996) ("Unlike a tax, a service charge or user fee is imposed on those members of the community who receive a special benefit from the proceeds of the charge.  To be valid, a service charge must be uniform.").  We find the magistrate court had subject matter jurisdiction over the County's contract action for collection of the Charleston County Solid Waste Recycling and Disposal User Fee (User Fee).  We hold any arguments concerning personal jurisdiction are conclusory, and thus abandoned.  *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (stating appellant was deemed to have abandoned issue for which he failed to provide any argument or supporting authority).

Simmons's arguments concerning the alleged removal of the User Fee by the Auditor's Office could have been raised at the magistrate's court proceeding and do not implicate subject matter jurisdiction. *See Smith Cos. of Greenville v. Hayes*, 311 S.C. 358, 359, 428 S.E.2d 900, 902 (Ct. App. 1993) ("Relief from judgment under Rule 60 [of the South Carolina Rules of Civil Procedure (SCRCP)] should not be considered a substitute for appeal from a final judgment, particularly when it is clear the party seeking relief could have litigated at trial and on appeal the claims he now makes by motion."); *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) ("Appellants make the all-too-common error of thinking that a court acts without jurisdiction when it makes a mistake. But 'a judgment is not void merely because it is erroneous.'" (quoting *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 842 (10th Cir. 1974))).

2. We find the trial court did not err in granting summary judgment on Simmons's equal protection claim. Simmons's argument the County did not establish any rational basis for application of the User Fee to him could have been raised during the proceeding to collect the User Fee in magistrate's court. *See Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) ("Under the doctrine of res judicata, '[a] litigant is barred from raising any issues [that] were adjudicated in the former suit and any issues [that] might have been raised in the former suit.'" (quoting *Hilton Head Ctr. of S.C., Inc. v. Pub. Serv. Comm'n of S.C.*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987))); *Smith Cos. of Greenville*, 311 S.C. at 359, 428 S.E.2d at 902 ("Relief from judgment under Rule 60[, SCRCP] should not be considered a substitute for appeal from a final judgment, particularly when it is clear the party seeking relief could have litigated at trial and on appeal the claims he now makes by motion."). Furthermore, the County imposed the User Fee on landowners in an attempt to reduce the amount of trash on private property. Thus, it had a rational basis for the imposition of the fee. *See Denene, Inc. v. City of Charleston*, 359 S.C. 85, 91, 596 S.E.2d 917, 920 (2004) ("Under the rational basis test, the requirements of equal protection are satisfied when: (1) the classification bears a reasonable relation to the legislative purpose sought to be affected; (2) the members of the class are treated alike under similar circumstances and conditions; and, (3) the classification rests on some reasonable basis."). We also find no merit to Simmons's argument the arbitrary enforcement of the User Fee judgment violated his right to equal protection. *See Town of Iva ex rel. Zoning Adm'r v. Holley*, 374 S.C. 537, 541, 649 S.E.2d 108, 111 (Ct. App. 2007) ("One seeking to show discriminatory enforcement in violation of the Equal Protection Clause must demonstrate arbitrary and purposeful discrimination in the administration of the law being enforced."); *id.* ("[E]ven

assuming [a governmental entity] is not enforcing [an] ordinance equally, the fact that there is some unequal treatment does not necessarily rise to the level of a constitutional equal protection violation." (quoting *Denene, Inc.*, 358 S.C. at 96, 596 S.E.2d at 922); *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 993 (9th Cir. 2007), *aff'd*, 553 U.S. 591 (2008) ("[A]cts that are malicious, irrational, or plainly arbitrary do not have a rational basis."). Long described his search of the public records for Simmons's assets and explained his reasons for deciding to levy against TMS 498. Simmons offered no evidence of any public records or tax records showing his ownership of farm machinery or heavy equipment that would have put Long on notice that Simmons owned those pieces of personal property. We hold Simmons failed to establish any evidence Long's conduct was "malicious, irrational, or plainly arbitrary" and thus lacking a rational basis.

3.      We disagree with Simmons's argument the trial court erred in granting summary judgment on his claim for negligent retention. First, as the decision to retain Long as an employee was a discretionary function of the Sheriff's Office, the Sheriff's Office has discretionary immunity under the South Carolina Tort Claims Act. *See* S.C. Code Ann. § 15-78-60(5) (2005) (holding a governmental entity is not liable for a loss resulting from "the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the discretion or judgment of the governmental entity or employee"); *Sabb v. S.C. State Univ.*, 350 S.C. 416, 428, 567 S.E.2d 231, 237 (2002) ("Discretionary immunity is contingent on proof the government entity, faced with alternatives, actually weighed competing considerations and made a conscious choice using accepted professional standards."). Next, Simmons's claims for negligent hiring and retention fail because he did not demonstrate a nexus or similarity between the underlying facts in Long's disciplinary history and Long's choice to levy upon TMS 498. *See Doe v. ATC, Inc.*, 367 S.C. 199, 206, 624 S.E.2d 447, 450 (Ct. App. 2005) (noting causes of action for negligent hiring and retention "turn on two fundamental elements—knowledge of the employer and foreseeability of harm to third parties"); *id.* ("From a practical standpoint, these elements are analyzed in terms of the number and nature of prior acts of wrongdoing by the employee, and the nexus or similarity between the prior acts and the ultimate harm caused."); *McCall v. IKON*, 380 S.C. 649, 659-60, 670 S.E.2d 695, 701 (Ct. App. 2008) (noting an appealed order comes to the appellate court with a presumption of correctness and the burden is on appellant to demonstrate reversible error); *id.* (explaining the appellate court is "obliged to reverse when error is called to our attention, but we are not in the business of

figuring out on our own whether error exists" (quoting *Harris v. Campbell*, 293 S.C. 85, 87, 358 S.E.2d 719, 720 (Ct. App. 1987))).

4.     We disagree with Simmons's argument the trial court erred in granting summary judgment on his claim against Long.  *See* S.C. Code Ann. § 15-78-70(b) (2005) (providing the Tort Claims Act does not provide a governmental employee with immunity from liability "if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude"); *Jones v. Garner*, 250 S.C. 479, 488, 158 S.E.2d 909, 914 (1968) ("Actual malice means that the defendant was actuated by ill will in what he did, with the design to causelessly and wantonly injure the plaintiff . . . .").  Simmons contends Long sold TMS 498 with the intention of punishing him for a threatening telephone call Long claims Simmons made.  Long testified that he took the threats Simmons made seriously, but there is no indication he took the threats personally.  Long stated he flagged Simmons's property for the safety of other officers who might respond to a call to the property.  Despite the telephone call, he continued to send Simmons letters advising him to make arrangements to pay the judgment to avoid the sale and tried to explain to Simmons how he could avoid the sale when he served the notice of levy.  Long testified he chose TMS 498 because he believed it had the best chance of satisfying the judgments.  In addition, he consulted with his supervisor, who approved proceeding with levying TMS 498.  Simmons's argument Long acted with actual malice is based on pure speculation.  *See Nelson v. Piggly Wiggly Cent., Inc.*, 390 S.C. 382, 390, 701 S.E.2d 776, 780 (Ct. App. 2010) (stating a non-moving party may not rely on speculation to defeat a motion for summary judgment).

5.     We agree with Simmons's argument the trial court erred in dismissing his claim to invalidate the sheriff's sale due to the inadequacy of the sale price.  *See Bloody Point Prop. Owners Ass'n v. Ashton*, 410 S.C. 62, 70, 762 S.E.2d 729, 733 (Ct. App. 2014) ("A judicial sale will be set aside when either: (1) the sale price 'is so gross as to shock the conscience[;]' or (2) the sale 'is accompanied by other circumstances warranting the interference of the court.'" (quoting *Wells Fargo Bank, NA v. Turner*, 378 S.C. 147, 150, 662 S.E.2d 424, 425 (Ct. App. 2008))); *id.* (explaining while our courts have "not established a bright line rule for what percentage the sale value must be with respect to the actual value in order to shock the conscience of the court," courts have consistently held a sale for less than ten percent of a property's actual value shocks the conscience).  Here, Long testified

the appraised value of TMS 498 was $23,900.  Simmons presented an appraisal made in 2006 valuing the property at $70,000.  Although the sales price of $600.00 is less than ten percent of even the lower value of the property, Simmons may not be entitled to equitable relief due to his own inequitable conduct.  Mace argues Simmons's delay and adversarial stance with the County has made it inequitable to return the property as an appropriate remedy.  *See Belle Hall Plantation Homeowner's Ass'n v. Murray*, 419 S.C. 605, 619, 799 S.E.2d 310, 317 (Ct. App. 2017), *reh'g denied* (May 26, 2017), *cert. denied* (Mar. 7, 2018) ("Under the doctrine of laches, if a party, knowing his rights does not seasonably assert them, but by unreasonable delay causes his adversary to incur expenses or enter into obligations or otherwise detrimentally change his position, then equity will ordinarily refuse to enforce those rights." (quoting *Emery v. Smith*, 361 S.C. 207, 215, 603 S.E.2d 598, 602 (Ct. App. 2004); *id.* ("The party seeking to establish laches must show (1) delay, (2) unreasonable delay, and (3) prejudice."); *id.* (considering the respondent's pre-sale conduct and finding it troubling but nonetheless affirming the trial court's holding the respondent's action to vacate a foreclosure sale was not barred by laches).  Therefore, we remand the matter to the trial court for consideration of the issue.

We reverse the trial court's dismissal of Simmons's claim to set aside the sheriff's sale due to the inadequacy of the price and remand the matter to the trial court for a determination of whether Simmons's claim is barred by laches.  We affirm all remaining issues.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**